## J. R. AND W. CLEAVER v. J. W. AND M. GARNER.

APPEAL BY DEFENDANTS FROM THE COURT OF COMMON PLEAS
OF SCHUYLKILL COUNTY.

Argued February 17, 1890—Decided March 24, 1890.
[To be reported.]

1. The fundamental rule in the production of testimony is that the allegata and the probata must agree ; and, while testimony tending to prove a different contract from that declared on is, perhaps, not to be rejected in all cases, yet when the only covenant, offered in evidence in support of an action of covenant, is a wholly different one from that recited in the declaration, the action cannot be sustained.

2. A written agreement under seal to purchase various items of real and personal property for a single sum, without any apportionment of the consideration, is an entire and indivisible contract; and, in an action of covenant the vendor cannot declare for the assumed price of a part of the property, averring a covenant, not contained in the written contract, to pay such price therefor.

3. Under such a declaration, the plaintiff cannot entitle himself to recover by proving a contemporaneous parol agreement, to the same effect substantially as the covenant averred in the declaration, when neither in the declaration nor in the testimony is it alleged that anything was omitted from the writing through fraud, accident or mistake, or that the written covenant is different from what the parties intended it to be.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS and MITCHELL, JJ.

No. 88 July Term 1889, Sup. Ct.; court below, No. 337 May Term 1881, C. P.

### Statement of Facts.

On April 18, 1881, James R. Cleaver and William Cleaver brought covenant against Joseph W. Garner and Michael Garner, filing a declaration which set out a sealed agreement between the plaintiffs of the one part and the defendants of the other part, made on October 8, 1875, whereby the plaintiffs sold to the defendants, " inter alia, certain personal property, to wit: Certain loose foundry property, boiler fixtures, stack, old lathe, boiler, patterns, lumber, and all other loose property in and around the foundry known as the Garner & Christian foundry, in Ashland, Schuylkill county, Pennsylvania, and purchased by the said plaintiffs at the sheriff's sale of the property of Garner & Christian for the sum of six hundred and ninety-eight dollars, and which personal property was taken possession of by said defendants and possession of the same has been kept by said defendants ever since said sale, namely the 8th day of October, A. D. 1875." The breach averred was the neglect and refusal of the defendants to pay to the plaintiffs the said sum of $698. The defendants pleaded non est factum and covenants performed absque hoc.

At the trial, on November 27, 1888, the plaintiffs offered in evidence an agreement under seal between themselves and defendants, dated October 8, 1875, the substance of which was that the plaintiffs sold to the defendants, for the consideration of $16,711, certain real estate in the borough of Ashland, with the appurtenances, consisting of a one-story frame office and a frame machine-shop with a frame foundry attached; also three other lots of ground in said borough, " with the appurtenances, consisting of a frame wheelwright and blacksmith shop, part of frame office, a frame blacksmith shop, two cranes, etc.; also, all foundry, loose property, boiler fixtures, stack, boiler, old lathe, patterns, sleds, lumber and shop, and all property, real and personal, as sold to James R. Cleaver and William Cleaver, by the sheriff of Schuylkill county, on the eighth day of September, A. D. 1875; also all property now upon the above described premises, purchased and owned by James R. Cleaver and William Cleaver."

Offer objected to for the reason that the agreement is immaterial and irrelevant, and there is no such agreement declared upon in this suit.

By the court: Admitted for the present; exception.[1]

Thereupon testimony was given by which the following facts were shown:

On September 8, 1875, the real and personal property of the firm of Garner & Christian, machinists and founders, used in connection with their business, being the same property mentioned in the foregoing agreement, was sold by the sheriff of Schuylkill county under a writ of execution. The real estate was purchased by Mr. A. P. Spinney for himself and the plaintiffs in the present case, for the sum of $12,050, and said plaintiffs purchased personal property to the amount of $698. No money was paid to the sheriff for either the real or the personal property at the time of the sale, and the latter remained upon the foundry premises. On October 8, 1875, the plaintiffs in this suit agreed to sell to the defendants, all said property, both real and personal, embodied in the agreement in the written contract in evidence. The understanding of the parties, at the time of executing that contract, was that the defendants should pay to the sheriff the amounts of the bids at which the properties had been purchased at the sheriff's sale, and should pay to the plaintiffs the remainder of the consideration money named in the contract. The defendants at once took possession of the real and personal property, but knowing that the sheriff had not yet made a deed for the real estate. On the same day, Mr. Spinney entered into a written contract, at Philadelphia, with one William Torrey, for the sale of the same real estate to him, and notified the plaintiffs thereof by telegraph, whereupon they gave notice to the defendants that the contract made by them with the defendants could not be carried out.

On October 12, 1875, the defendants, having previously paid to the Cleavers the sum of $565, on account of the consideration named in their contract of October 8, 1875, tendered to them the remainder of that consideration, but the tender was refused. On October 18, 1875, the defendants tendered to the sheriff the amount bid by Mr. Spinney for the real estate, viz. $12,050; but the sheriff refused to receive it, having already been paid the same by Mr. Spinney, who had obtained the money from Torrey. The defendants thereupon filed a bill in equity against Torrey, the Cleavers, the sheriff and Spinney, praying for the specific enforcement of the agreement

Charge of Court below.

for the conveyance of title to the real estate made by the Clea-vers. This suit in equity resulted finally in a decree by the Supreme Court that Spinney held the title to the real estate, under his purchase at the sheriff's sale, in trust for himself and the Cleavers, the latter being entitled to the two thirds thereof upon payment of two thirds of the purchase money: Garner's App., 1 Leg. Rec. R. 1. Spinney, thereupon, tendered a deed for the two thirds of the real estate to the Cleavers, demand-ing a corresponding part of the purchase money from them. They refused to accept the deed or pay the money demanded, whereupon he tendered a similar deed to the defendants, ac-companying it with a similar demand. The latter tender and demand being refused, he conveyed the entire title to the real estate to Torrey, as whose property it was afterwards sold by the United States marshal to the defendants for $8,100.

The sheriff having demanded of the plaintiffs the price at which they had purchased the personal property at the sheriff's sale, viz. $698, they paid it to him and brought this action for the purpose of recovering reimbursement therefor from the defendants.*

The defendants presented testimony tending to prove that they had been compelled to expend considerable sums for ex-penses of litigation respecting the title to the real estate em-braced in the agreement of October 8, 1875, and claimed that they were entitled to have these expenditures, as well as the cost of acquiring the Torrey title at the marshal's sale, credited upon the purchase money named in that agreement, and that after the allowance of such credits there would not remain $698 due to the plaintiffs.

At the close of the testimony the court, BECHTEL, J., in-structed the jury in part as follows:

The plaintiffs claim that the defendants took possession of the real and personal property under the agreement of Octo-ber 8, 1875, and this does not seem to be disputed, for the de-fendant, Joseph Garner, so testifies. It appears in evidence that

---

*The plaintiffs also brought an action of ejectment for the real estate against the defendants, to enforce the payment of purchase money thereof. The Supreme Court decided in that action that the plaintiffs had no title upon which they could recover: Cleaver v. Garner, 4 Pa. S. C. Dig. 243.

the plaintiffs paid to the sheriff for the personal property, for which they seek to recover in this action, on October 12, 1875. This appears from the bill of sale and from the sheriff's sales book, and is testified to by one of the plaintiffs. [If you should find from the evidence before you that the defendants took possession of the personal property for which the plaintiffs seek to recover under the agreement of October 8, 1875, and that they, the defendants, agreed to pay to the sheriff the sum of $698, out of the $16,711, which the agreement obligated them to pay, and that they failed to so pay the said sum of $698 to the sheriff, and that the plaintiffs paid to the sheriff that sum on October 12, 1875, in pursuance of their, the plaintiffs', bid, then you should find for the plaintiffs for the sum or amount thus paid by plaintiffs with interest thereon, unless you find that the plaintiffs failed to perform their covenants and thereby subjected the defendants to the necessary payment of sums amounting to or exceeding the consideration mentioned in the agreement of October 8, 1875.] [2] . . . .

The plaintiffs' evidence shows that they paid the $698 to the sheriff, being the purchase money of the personal property for which they are now seeking to recover. [The defendant, Joseph W. Garner, testifies that they, the defendants, entered into possession of the real and personal property either on the evening of October 8, 1875, or Saturday, being the next day, under the agreement made October 8, 1875, and have held both the real and personal property ever since. There is no dispute as to the title of this personal property. We think therefore that the defendants by their acts elected not to rescind the contract of October 8, 1875, but to enforce it. If therefore you find the plaintiffs have not failed to perform their covenants, or that the defendants by reason of any such failure have not necessarily expended an amount so great as not to leave $698 remaining out of the consideration of $16,711, then we think that the plaintiffs would be entitled to recover; and if you so find you should render a verdict in favor of the plaintiffs for the $698 remaining out of the consideration of $16,711, with interest thereon from the time that the plaintiffs paid the sheriff, up to the time of the tender of payment by the defendants.] [3]

Opinion of the Court.

The jury rendered a verdict in favor of the plaintiffs for $696.56, and judgment was entered thereon. The defendants then took this appeal assigning for error:

1. The admission of plaintiffs' offer.[1]

2, 3. The parts of the charge embraced in [ ] [2] [3]

*Mr. Guy E. Farquhar* (with him *Mr. A. P. Spinney*), for the appellants:

1. The declaration sets out an entirely different contract from that which was offered in evidence and upon which the plaintiffs sought to recover. The variance was fatal: Lehigh Coal & Nav. Co. v. Harlan, 27 Pa. 442. In the action of covenant, the only breach that can be made a basis of recovery, is a breach of some covenant contained in the written instrument on which the suit is brought. To base a recovery upon a contemporaneous parol stipulation, not only must the plaintiff aver in the declaration its omission from the writing by fraud or mistake, but he must establish this by the measure of proof required by a chancellor for the re-formation of a written instrument: Merriman v. Bush, 116 Pa. 276.

2. The instruction that the defendants, by taking and retaining possession of the real and personal property, elected to enforce the contract of October 8, 1875, is not in accordance with the views expressed by this court in Garner's App., 1 Leg. Rec. R. 1, and Cleaver v. Garner, 4 Pa. S. C. Dig. 243. But, whether they had or had not elected not to rescind the agreement, is a question of fact, which, if at all material in this case, is to be found by the jury, and not to be determined by the court. Can the plaintiffs, after repudiating the contract and failing to carry out its provisions, recover upon it? The contract, in its form and effect, is an entire one: 1 Parsons on Cont., 30; and full performance by the plaintiffs is a condition precedent to their right of action: McKnight v. Dunlap, 4 Barb. 36; Kelly v. Insurance Co., 5 Cent. R. 484.

There was no appearance for the appellees.

OPINION, MR. JUSTICE CLARK:

This action of covenant, as we learn from the declaration filed, was brought by James R. Cleaver and William Cleaver

Opinion of the Court.

against Joseph and Michael Garner, upon a certain agreement or instrument of writing between the parties, under seal, and bearing date October 8, 1875, by the terms of which the Cleavers sold to the Garners " certain loose foundry property, boiler fixtures, stack, old lathe, boiler, patterns, lumber, and all other loose property in and around the foundry known as the Garner & Christian foundry, in Ashland, Schuylkill county, Pennsylvania, and purchased by the said plaintiffs at the sheriff's sale of the property of Garner & Christian," at and for the sum of $698; and it is averred that, although the defendants took the possession of the said property at the date of the sale, and have since and until the bringing of this suit retained the possession thereof, yet the defendants have neglected and refused to pay to the plaintiffs the said sum of $698, or any part thereof, etc., to the damage, etc.

At the trial of the cause, however, the plaintiffs failed to exhibit in evidence any such agreement or instrument of writing as that declared upon. The paper offered and received in evidence was an agreement of the same date, under seal, and between the same parties; but it was for the sale by the Cleavers to the Garners, their heirs and assigns, of certain lots of ground, situate in the borough of Ashland, particularly mentioned and described, with a machine shop, foundry, wheelwright and blacksmith shop, with other buildings thereon erected; also certain loose property, boiler fixtures, stack, boiler, etc., etc., and " all property, real and personal, as sold to James R. Cleaver and William Cleaver by the sheriff of Schuylkill county on September 8, A. D. 1875; also all property upon the premises purchased and owned" by the Cleavers. The consideration of this contract, as expressed therein, is $16,711.

It may be that this agreement includes, inter alia, the property described in the declaration; it is not denied that it does, but there is no covenant to pay $698, or any other sum of money, for these designated articles. The covenant is for the sale of certain real estate, therein described, and certain personal property, therein also described, for the sum of $16,711. The contract is entire and indivisible, and the consideration single. It is not in the power of the plaintiff in an action of covenant, by a severance of the consideration, to declare for the assumed price of a part only of the property, averring a

covenant, not contained in the contract, to pay a distinct part of the consideration therefor. The price of the whole property, as set forth in the contract, may have been fixed upon an aggregate estimate of distinct parts thereof, but it is reasonable to suppose that the price of any portion was adjusted with reference to and in view of the entire purchase.

It is the first and fundamental rule in the production of evidence that the evidence offered must correspond with what is alleged in the pleadings, as the basis of the action or of the defence ; the allegata and the probata must agree. Evidence is not in all cases, perhaps, to be rejected because it tends to prove a different contract from that declared on, if there be a fair question for the jury upon the latter: Ash v. Patton, 3 S. & R. 300 ; but, where the only covenant offered in evidence as the ground of the action is not the covenant recited in the declaration, but a wholly different one, the action cannot be sustained. In an action of covenant the only breach that can be set up as a ground of recovery must, of course, be the breach of some covenant contained in the contract, as it is written, or as it may be re-formed. This contract is in writing, and under seal ; it is not pretended, nor is it averred in the declaration, that anything is omitted from it, either through fraud or mistake ; the agreement is just what the parties intended it to be, and the action is in affirmance of it. There is no contract in evidence which supports the pleadings, and we cannot see how the action can be sustained.

The judgment is reversed.