### TRACHTMAN v. SAMIT.
#### Civil Action No. 4303.

District Court, E. D. Pennsylvania.
Aug. 28, 1945.

the price established therefor by Revised Maximum Price Regulation 139, 8 F.R. 3706.

Jurisdiction of this action is conferred upon this court by Section 205(c) of the Act.

I make the following special

## Findings of Fact

1. Plaintiff Jeanne Trachtman is a resident of Philadelphia, Pennsylvania.

2. Defendant Jack Samit operates a refrigerator repair service and a refrigerator sales store under the trade name Atlas Refrigerator Service Company at 1106 W. Girard Avenue, Philadelphia, Pennsylvania.

3. Pursuant to the provisions of Section 2(a) of the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 902(a) the Price Administrator issued Price Regulation 139, "Used Household Mechanical Refrigerators," 8 F.R. 3706, on March 24, 1943, effective April 15, 1943, which has been, at all times mentioned herein, in full force and effect.

4. On January 4, 1944, defendant sold and delivered to plaintiff one used Frigidaire refrigerator, Model M–4–37 (1937), cabinet No. 1884856, for $159.

5. The refrigerator contained a factory rebuilt unit which cost $38 and was accompanied by defendant's written guaranty for one year.

6. Plaintiff purchased the refrigerator for her own use as a consumer other than in the course of plaintiff's trade or business.

7. Shortly after the sale, plaintiff notified defendant that the price exceeded the ceiling price. Defendant thereupon removed the refrigerator from plaintiff's home and mailed plaintiff a check dated January 11, 1944 in the amount of $159 which was cashed by plaintiff.

Cyrus Levinthal, of Philadelphia, Pa., for plaintiff.

Herman Eisenberg, of Philadelphia, Pa., for defendant.

BARD, District Judge.

This is an action brought under Section 205(e) of the Emergency Price Control Act of 1942, as amended,[1] to recover damages for the sale by defendant to plaintiff of a used refrigerator at a price in excess of

## Discussion

Defendant admits that he sold the Frigidaire refrigerator to plaintiff for $159. However, he urges that the price ceiling provisions of MPR 169 substantiate his contention that the proper maximum price for a reconditioned refrigerator with a rebuilt unit and a one year guaranty is $161.50, and that the sale was, therefore, at a price below the maximum allowed.

---

[1] 56 Stat. 23, 765, 57 Stat. 566, 58 Stat. 640, 50 U.S.C.A.Appendix, § 925(e).

The relevant price provisions are set forth in the margin.[2] The Regulation groups used refrigerators into three classes for the purpose of determining the price ceiling. The prices for two classes are fixed by a list of prices. These classes are "as is" refrigerators and "reconditioned" refrigerators. Reconditioned refrigerators are defined as used refrigerators which meet certain specifications as set forth in the Regulation. Reconditioned refrigerators must be accompanied by a ninety day guaranty, but, if the guaranty is for one year or more and the refrigerator was manufactured before 1940, the vendor is permitted to add $10 to the list price. An "as is" refrigerator is one which does not meet the standards specified for a reconditioned refrigerator. The list prices for a used Frigidaire refrigerator Model M-4-37 are $61.50 ("as is") and $97.65 ("reconditioned," plus $10 with a one year guaranty).

The third price class, as defined in Section 3(g) consists of those refrigerators which meet the standards of a reconditioned refrigerator, are sold with a one year guaranty, and contain a new or rebuilt unit. The maximum price for a refrigerator in this class is fixed by adding to the "as is" list price for that model "the manufacturer's net suggested resale maximum price in effect in March 1942, or subsequently specifically approved by the Office of Price Administration, for the replacement unit contained in the refrigerator, or * * * (if these price standards do not exist) * * * the net cost to the dealer for the replacement unit, plus the dollar markup taken for the sale of the most comparable item in March 1942."

Defendant offered in evidence the "packing slip" of J. J. Pocock, Inc., for the rebuilt unit installed in the refrigerator which showed a net cost to defendant of $38. Defendant then testified that the ordinary cost of a rebuilt unit is $45, but that the charge for this particular unit was reduced to $38 because defendant had hauled the unit to and from the reconditioning plant. Defendant's expert witness

---

[2] "Sec. 3. Maximum prices for sales of used household mechanical refrigerators by all persons—(a) Reconditioned refrigerators. As used in the table below a refrigerator is reconditioned if it meets the following standards: * * *

"(b) 'As is' refrigerators. An 'As is' refrigerator is one which does not meet the standards of a reconditioned refrigerator.

"(c) Guaranties. Every refrigerator which is sold as a reconditioned refrigerator must carry a written guaranty for at least 90 days from the date of its installation which provides that any part which proves defective within the guaranty period will be replaced without charge for labor or materials or other services. If the guaranty is to last for one year or more the higher reconditioned price appearing on the table of prices may be charged.

"(d) Table of maximum prices for certain used household mechanical refrigerators. The maximum cash price for the following specified models of used household mechanical refrigerators (except those with factory rebuilt units) shall be: * *
Frigidaire

"If a one-year guaranty is furnished, $5 may be added to the prices in the second column for models of 1939 and 1940; and $10 for earlier models * * *

| Year | Model | Price 'as is' | Price reconditioned with 90-day guaranty |
|---|---|---|---|
| 1937 | M-4-37 | $61.50 | $97.65 ... |

"(g) Maximum prices for refrigerators with new or factory rebuilt units. (1) This section shall apply only in cases in which:

"(i) *The refrigerator meets the standards of a reconditioned refrigerator and is sold with a one-year guaranty.*

"(ii) The refrigerator contains a new unit or one rebuilt by the original manufacturer, or by a reconditioner who offered such a service in February, 1942, or earlier, and furnished with it at least a one-year guaranty.

"(iii) The new or rebuilt unit has been purchased by the person offering the refrigerator for sale.

"(2) The maximum cash price for a refrigerator with a new or rebuilt unit meeting the qualifications of the foregoing section shall be the sum of:

"(i) The 'as is' maximum price for that refrigerator, and

"(ii) The manufacturer's net suggested resale maximum price in effect in March, 1942, or subsequently specifically approved by the Office of Price Administration, for the replacement unit contained in the refrigerator, or if no manufacturer's suggested resale price was in existence in March, 1942, or later subsequently approved by the Office of Price Administration, the net cost to the dealer for the replacement unit, plus the dollar markup taken for the sale of the most comparable item in March, 1942. * * *" (Italics supplied.)

testified that average dealer markup for a rebuilt unit in March 1942 was about 100%. Defendant maintains that the ceiling price for this Frigidaire refrigerator Model M-4-37 containing a rebuilt unit should be: (1) the "as is" list price, $61.50; (2) plus the net cost of the replacement unit, $45; (3) plus the 100% markup on the replacement unit, $45; plus the additional charge allowed by Sections 3(c) (d) for a one year guaranty, $10. Thus the ceiling price would be $161.50 and the price which plaintiff paid would be less than the maximum allowed.

■ I do not agree with this calculation. The $10 additional charge allowed for a one year guaranty is found only in Section 3(c) (d). Section 3(c) says, inter alia: "If the guaranty is to last for one year or more the higher *reconditioned price* appearing in the table of charges may be charged." (Italics supplied). In Section 3(d), under the heading "Frigidaire," the following is found: "If a one-year guaranty is furnished, $5 may be added to the prices in the second column (prices for reconditioned refrigerators) for models of 1939 and 1940; and $10 for earlier models." Section 3(g), which creates the price class for refrigerators containing rebuilt units, and upon which defendant relies, applies only where "the refrigerator meets the standards of a reconditioned refrigerator and is sold with a one-year guaranty." It appears to me that the $10 additional allowance for the one year guaranty applies only to refrigerators within the "reconditioned" price class. In this price class a one-year guaranty is not required and therefore, where such a guaranty is extended, the dealer is permitted to make the additional charge. However, a one-year guaranty is a condition precedent to bringing the refrigerator within the "rebuilt unit" price class. I am of the opinion that the Regulation intended to include compensation for this guaranty within the method prescribed for calculation of ceiling prices for "rebuilt unit" refrigerators. Therefore, where the maximum price is computed under Section 3(g), the Regulation does not permit an additional charge for the one-year guaranty. Defendant's contention that the calculated ceiling price for this refrigerator having a rebuilt unit should include the $10 item is erroneous.

I give little credence to defendant's testimony that the net charge of $38 for the rebuilt unit evidenced by the "packing slip" of J. J. Pocock, Inc., was, in fact, reduced from $45, the actual charge, by allowing a discount for defendant's hauling expense. I therefore find that the net cost to defendant of the rebuilt unit was $38.

Under the provisions of MPR 169 the ceiling price for the refrigerator sold to plaintiff must be computed as follows: (1) The "as is" list price, $61.50; (2) plus the net cost of the replacement unit, $38; (3) plus the 100% markup on the replacement unit, $38.[3] Thus the maximum price for this refrigerator was $137.50 and the sale price exceeded the maximum price established by the Regulation by $21.50.

■ Defendant urges that his repossession of the refrigerator and the return of the sale price to plaintiff constituted a rescission of the contract of sale and relieved defendant of all liability to plaintiff under Section 205(e) of the Act. Merely because defendant has returned the parties to status quo should not relieve him of liability. The liability is penal in nature and the plaintiff is not precluded from obtaining a judgment under the provisions of Section 205 (e) merely because she may not be able to prove damages. The sale of the refrigerator at a price exceeding the maximum allowed was completely executed on January 4, 1944. On that day defendant incurred an absolute liability to plaintiff under Section 205(e), which he cannot escape by restoring plaintiff to status quo.

■ Section 205(e) of the Act, 50 U.S.C.A.Appendix, § 925(e), permits a purchaser to recover from a vendor three times the amount of overcharge or $50, whichever is greater, plus reasonable attorney's fees, for each sale in excess of the established maximum price, provided the defendant fails to prove that the violation was not wilful. Defendant has not met this burden. Plaintiff is entitled therefore to a judgment for $64.50 plus reasonable attorney's fees and costs.

---

3 There was no evidence that a manufacturer's net suggested resale maximum price in effect in March 1942 or subsequently approved by the Office of Price Administration exists. Therefore, the net cost to the dealer plus the dollar markup for the sale of a comparable item in March 1942 must be used.

Conclusions of Law

1. This court has jurisdiction of this action brought by Jeanne Trachtman pursuant to the provisions of Section 205(e) of the Emergency Price Control Act of 1942, as amended, to recover damages from defendant Jack Samit, trading as Atlas Refrigerator Service Company, for the sale of a used Frigidaire refrigerator, Model M–4–37, at a price exceeding the maximum price established therefor by Maximum Price Regulation 139, 8 F.R. 3706.

2. This Court has jurisdiction over the defendant.

3. On January 4, 1944, defendant sold and delivered to plaintiff one used Frigidaire refrigerator, Model M–4–37, for $159, which exceeded the maximum price established therefor by Maximum Price Regulation 139 by $21.50.

4. Plaintiff is entitled to recover treble damages in the sum of $64.50.

5. Plaintiff is entitled to recover, in addition thereto, the sum of $75 as reasonable counsel fees and costs.

6. Judgment may be entered for plaintiff for $139.50.