Higgins Lumber Company, Appellant, *v.* Marucca et al.

406

Argued April 23, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Louis Vaira*, with him *A. W. Forsyth*, for appellant.

*Clyde P. Bailey*, with him *Dane Critchfield, James B. Ceris* and *Bailey & Critchfield*, for appellee.

OPINION BY ROSS, J., July 19, 1946:

This appeal involves a mechanic's lien, filed by a subcontractor against the owners and the contractor, for lumber furnished toward the repairs of a house. The jury returned a verdict for the plaintiff, judgment n. o. v. for defendant was entered by the court below and this appeal followed.

The Act of June 4, 1901, P. L. 431, sec. 2, 49 PS sec. 23, provides, inter alia, "Nor shall any claim for alterations or repairs . . . old structures with machinery, gearing, boilers, engines, cars, or other useful appliances, be valid, unless it be for the sum exceeding one hundred [dollars]; and, in the case of a subcontractor unless, also, written notice of an intention to file a claim therefor, if the amount due be not paid, shall have been given to the owners or some one of them, or for him to an adult

member of his family or the family with which he resides, or to his architect, agent, manager, or executive or principal officer, on or before [the] day the claimant completed his work or furnished the last of the materials." The last material used in the repairing of defendants' house was furnished by the plaintiff on July 18, 1939, and the only question of fact before the jury was whether or not notice of intention to file was given by the plaintiff to the defendants on or before that date. The jury found that such notice had been given, but there is no evidence in the record to sustain that finding.

The burden of proof that the notice was given was upon the plaintiff, and to sustain that burden it offered in evidence a copy of a letter dated July 8, 1939. If the defendants received this letter on or before July 18, 1939, the plaintiff sufficiently complied with the Act. The defendants denied receipt of the letter, and the plaintiff relies, and must rely, on a presumption that it was received by the defendants. It was in evidence that the letter had been mailed in due course of the business of the plaintiff. Depositing in the post office a properly addressed, prepaid letter raises a presumption that it reached its destination by due course of mail, and mailing a letter in such way is prima facie evidence that it was received by the person to whom it was addressed. *Whitmore v. Dwellinghouse Insurance Co.,* 148 Pa. 405, 23 A. 1131; *Jensen v. McCorkell,* 154 Pa. 323, 26 A. 366.

The letter in question as mailed was addressed to *Rose* Maruca and *Rene* Maruca. The defendants are *Ross S.* Marucca and *Jennie* Marucca, and are so named in the plaintiff's statement of claim. Consequently, since the letter was improperly addressed, there is no presumption that it was received by the defendants, (*Estok v. Estok,* 102 Pa. Superior Ct. 604, 157 A. 356), and the court below properly held—there being no other evidence of probative value in the record—that the plaintiff did not meet its burden of proof and, therefore, properly

entered judgment n. o. v. for the defendants on this ground.

The defendants in this case are entitled to judgment n. o. v. for another reason. There is a fatal variance between the allegation that notice of intention to file was given to the defendants and the only proof offered in support of that allegation. The first and fundamental rule in the production of evidence is that the evidence offered must correspond with what is alleged in the pleadings, as the basis of the action or of the defense; the allegata and probata must agree. *Cleaver v. Garner,* 133 Pa. 419, 19 A. 408.

In its statement of claim the plaintiff alleged that "Notice of Intention to file this Mechanic's Lien" was served upon Ross S. Marucca and Jennie Marucca by handing the notice *personally* to them at their place of residence; and the only proof offered in support of this allegation of personal service was the letter of July 8. When the letter was offered in evidence for the purpose of proving the giving of notice, defendants objected on the ground that it was at variance with the pleadings and, consequently, the question of variance was properly raised. *Kehres v. Stuempfle et al.,* 288 Pa. 534, 136 A. 794.

In *Tarentum Lumber Co. v. Marvin,* 61 Pa. Superior Ct. 294, it was held that although the allegata and probata may not entirely agree, *if the defendant is not misled,* and the variance does not in any way affect the trial on its merits, or set up a different cause of action, or *impose any different burden on the defendant,* the variance will not be considered material. In the instant case, however, the variance went to the heart of the matter in litigation. Notice given and received was of the essence of materiality, and the manner in which the notice was given was an integral part. Furthermore, the defendants went into court prepared to meet the allegation of personal service, and when they were confronted with proof of another kind of service, to wit, by mail, a different burden was imposed upon them.

The plaintiff had its opportunity to move to amend, and since it chose not to do so, it is bound by the rule that allegata and probata must be in agreement. *Kehres v. Stuempfle et al.*, 288 Pa. 534, 136 A. 794, supra.

Judgment affirmed.

BALDRIGE, P. J., and DITHRICH, J., concur in the result.