## CONNOR v. WHEELER.
### Civ. A. No. 101.

District Court, W. D. Pennsylvania.
April 21, 1948.

876

Marsh, Spaeder, Baur & Marsh and James E. Marsh, all of Erie, Pa., for plaintiff.

Edward E. Petrillo, of Erie, Pa., for defendant.

GOURLEY, District Judge.

This is an action brought by R. V. Connor against Edith K. Wheeler for treble damages pursuant to the provisions of Section 205(e) of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 901 et seq.

The hearing was held before the Court without a jury, and each of the parties to said proceeding waived and elected not to file suggested findings of fact and conclusions of law.

The defendant, Edith K. Wheeler, one of the owners of certain real estate, acted as landlord and rental agent of the housing accommodation situate at 2309 Sassafras Street, First Floor, Front, Erie, Pennsylvania, during the period involved in this proceeding.

It is alleged by the tenant plaintiff that the defendant demanded and received rent from October 15, 1945 through May 15, 1946, for the use and occupancy of said premises in excess of the maximum rents established by the Rent Regulation for Housing (8 Fed.Reg. 7322) as amended, issued pursuant to Section 2(b) of the Act.

The plaintiff contends that said housing unit which comprised three rooms and bath, unfurnished, and without garage, was orally rented for the amount of $38.00 per month. That said rental was paid each month from the 15th day of October, 1945 through the 15th day of May, 1946, and receipts were duly issued. That several months after the premises had been leased, the plaintiff communicated with the Area Rent Director and made complaint as to the amount of the rent which was being charged.

An investigation was made through the office of the Area Rent Director. As a result thereof, an Order was issued on April 30, 1946, retroactive to October 15, 1945, decreasing the maximum rental from $10.00 per week to $23.00 per month for the three room and bath unfurnished apartment, without garage. The plaintiff contends that overcharges were made during the period from October 15, 1945 through May 15, 1946, in the amount of $15.00 per month, the total amount of overcharge being $105.00. Judgment is demanded against the defendant in the amount of $315.00, which is three times the amount of the overcharge, together with costs and reasonable attorney's fees.

The defendant admits that rent was demanded and received in the amount of $38.00 per month during the period from October 15, 1945 through May 15, 1946, but contends that the maximum rental for said housing accommodation was in the amount of $10.00 per week and that no overcharge exists. That said premises

were rented as a furnshed apartment comprising three rooms and bath, and since the maximum rent had been previously approved at $10.00 per week with garage, that the rental of the three rooms and bath, furnished, without the garage, on the basis of $38.00 per month did not amount to an overcharge.

The defendant also contends that the proceeding is barred by the statute of limitations since the action was not instituted within a period of one year from the date of the alleged overcharges. The complaint was filed on May 27, 1947, and the rentals were paid during the period commencing on October 15, 1945 and ending on May 15, 1946.

It appears that the maximum legal rent for the unit on March 1, 1942, consisting of three rooms and bath, unfurnished, with garage service, was $27.00 per month. Subsequent thereto the premises were furnished, and on March 5, 1943 the Area Rent Director issued an Order establishing the maximum rent as $10.00 per week. On October 30, 1945, the defendant filed with the Area Rent Director a report of change in the identity of the landlord, effective September, 1945, in which the name of the landlord was changed from the name of Rosalia C. Kalvelage Estate to Edith K. Wheeler. Edith K. Wheeler was an heir of the Estate of Rosalia C. Kalvelage, who was her mother. No registration was filed, however, as to the rental of the premises as three rooms and bath, unfurnished, without garage, to R. V. Connor, the plaintiff. Subsequent to the rental of the premises by the plaintiff on October 15, 1945, the status of the housing accommodation was investigated by the Area Rent Director and it was determined that the housing accommodation was then rented as unfurnished without garage, and comprised three rooms and bath. The Area Rent Director duly notified the defendant of the proposal to decrease the maximum rent pursuant to Sections 5(c) (3) and (b), and issued a written Order on April 30, 1946, decreasing the maximum rent from $10.00 per week to $23.00 per month, without services of garage and furniture, retroactive to October 15, 1945. This notice was duly received by the defendant and

several conferences were had by her with the Area Rent Director relating to the decrease of the amount of rental. As a result thereof an application for review was filed by the defendant with the Regional Administrator for the Office of Price Administration. On August 22, 1946 the determinations of the Area Rent Director were affirmed and due notice given the defendant.

Under the system of rent control a landlord or rental agent is required to register housing accommodations within thirty days after they are first devoted to that use. Rent Regulations for Housing, Section 4, 8 Fed.Reg.14663 and 10 Fed.Reg.3436, further provide, inter alia, that a landlord is required, after housing accommodations have been changed, to register said change within thirty days after the same are devoted to a use different than that which existed when the premises were first registered. This brings notice to the control authority that the premises are again within its official responsibility, and provides data for quick determination as to whether the new rental to be charged exceeds the level permitted by the policy of Congress set out in the statute.

Where the landlord does not comply with this requirement, there is a likelihood that, as happened here, the transaction will be overlooked for some period of time or, perhaps, escape scrutiny entirely. The landlord is not, therefore, allowed to profit from his own disobedience of the law. If the landlord could keep the excess collections by thus retarding or preventing scrutiny of his contract, he would gain advantage over all landlords who complied with the Act as well as over tenants whose necessity for shelter is too pressing to admit of bargaining over price. Where the landlord fails to notify the Area Rent Director that there has been a change in the rental premises, the landlord may coninue to collect the unapproved rental but only on condition that it is subject to a revision by public authority and to a refund of anything then found to have been excessive.

The cause of action in this case is based on the violation of the Order issued by the Area Rent Director on the 30th day

of April, 1946, in which the maximum legal rental was decreased from $10.00 per week to. $23.00 per month, retroactive to October 15, 1945, for three rooms, unfurnished, and bath, without garage. The command to refund cannot be treated as meaningless but must be taken in its setting as an integral and necessary part of the order fixing the maximum rent. It was this Order that was disobeyed. It would be a strange situation if there were authority to order the landlord to make a refund but no legal obligation to pay it.

■ The Order decreasing the maximum legal rent provided that a refund should be made to the tenant within thirty days from the date of the order. The cause of action, therefore, arose at the end of thirty days from the date of the notice which would be May 30, 1946. The complaint in the instant action was filed May 27, 1947, which was within the one year statute of limitations, so the cause of action is not barred. Woods v. Stone, 68 S.Ct. 624.

■ The defendant also contends that the reduction in the amount of rental was unreasonable due to the high cost and expense which exist relative to the upkeep and repair of the property, and the taxes which it is necessary to pay. Regardless of the equities in that respect, the validity of the relevant regulations and the refund order, either on the ground of retroactivity or otherwise, cannot be considered in this Court. Any challenge to the validity or reasonableness of a regulation would have to be considered by the Emergency Court of Appeals. 50 U.S.C.A.Appendix, § 924; Bowles v. Willingham, 321 U.S. 503, 504, 64 S.Ct. 641, 88 L.Ed. 892; Woods v. Cloyd W. Miller Co., 333 U.S. 138, 68 S.Ct. 421; Woods v. Stone, supra.

. . The defendant further contends that she has no recollection of receiving the notice of the Area Rent Director dated April 30, 1946, which reduced the maximum rental and directed refund to be made to the tenant.

■ The Area Rent Director testified that the notice was duly deposited in the United States mail. Deposit in the post office of a properly addressed prepaid letter raises a presumption that it reached its destination by its due course of mail, and is prima facie evidence that it was received by the person to whom it was addressed. Higgins Lumber Co., Appellant, v. Marucca, 159 Pa.Super. 405, 48 A.2d 48; Wigmore on Evidence, 3d Ed., Vol. 1, Par. 957, p. 524; Beeman, Appellant, v. Supreme Lodge, 215 Pa. 627, 64 A. 792; Boerner v. United States, D.C., 30 F.Supp. 635.

In addition to the presumption which exists in this case, the defendant subsequent to the date of the letter conferred with the Area Rent Director relating to the Order which was issued. Her actions in this respect conclusively establish in my opinion, that the notice decreasing the rental was duly received.

Since an overcharge was unquestionably made in the instant case, the only matter which remains for the consideration of the Court is the amount of the penalty which should be entered.

The Order of the Area Rent Director issued April 30, 1946, which was affirmed by the Regional Administrator for the Office of Price Administration on August 22, 1946, required the defendant to do two things:

(1) To reduce the plaintiff's rental from $38.00 per month to $23.00 per month, and

(2) To refund to the plaintiff all rent in excess of $23.00 per month since October 15, 1945.

Defendant did reduce the rental to $23.00 per month on June 15, 1946, but has refused to refund to the plaintiff any portion of the prior overcharges between October 15, 1945 and May 15, 1946. The total amount of the overcharges which the defendant has refused to refund to the plaintiff involve the period of seven months or the total amount of $105.00. The refusal to tender the refund directed by the Area Rent Director constitutes a violation of the Rent Control Act, its supplements and amendments. Under Section 205(e) of the Act the defendant is liable to the extent of three times the amount of the overcharge unless the defendant has proved that the violation was neither willful nor the result of the failure to take practicable

precaution against the occurrence of the violation.

The defendant stated on one occasion that she was unable financially to make the refund, and on another occasion that she would not comply with the Order and make the refund, and no one could compel her to do so. Defendant further stated that it was her intention to appeal the Order which was entered, and she requested the tenant, subsequent to the Order, to pay the amount of $38.00 per month and that she would issue receipts only for the amount of $23.00 per month.

■■ With respect to violations of the Emergency Price Control Act, the meaning of the terms "willful" and "practicable precaution" is well settled.

"Willful" means intentional, knowing, voluntary, deliberate or obstinate, as distinguished from accidental, involuntary or unintentional. It does not mean with evil interest or purpose. "Practicable precaution" means that the act or responsibility is capable of being done or accomplished with available means or resources, or that the act is capable of being performed, put into practice, or possible of being accomplished, executed or performed, and that by the exercise of ordinary reasonable care and caution being taken, it is possible to avoid the commission of a wrong doing. Zimberg v. United States, 1 Cir., 142 F.2d 132, certiorari denied 323 U.S. 712, 65 S.Ct. 38, 89 L.Ed. 573; Bowles v. Krasno Bros. Glove & Mitten Co., D.C., 59 F.Supp. 581; Bowles v. Batson, D.C., 61 F.Supp. 839; Bowles v. Goebel, D.C., 58 F.Supp. 686; Bowles v. Ammon et al., D.C., 61 F.Supp. 106, 117; Bowles v. Pechersky, D.C., 64 F.Supp. 641; Bowles v. Weitz, D.C., 64 F.Supp. 829.

■ I think that the facts in the instant case preclude the defendant from asserting that her violation was not willful or the result of her failure to exercise practicable precaution.

Despite the repeated admonitions of the Area Rent Director to the defendant, and the repeated demands of the plaintiff, to have the defendant refund the excess payments, the defendant has steadfastly re-fused to comply therewith; whatever her motives, which are immaterial, refusal was certainly intentional, deliberate and voluntary. No efforts were extended on her part in an effort to have the tenant wait some fair and reasonable time in order that the refund could be made. Haber et al. v. Garthly et al., D.C., 67 F.Supp. 774; Thierry v. Gilbert, 1 Cir., 147 F.2d 603.

Furthermore, the actions of the defendant in her neglect to register the change in the premises indicate an absolute indifference on her part to comply with existing law. She was apparently aware of this responsibility since on October 30, 1945, she filed a registration to change the identity of the landlord of said premises. When the registration of the change in identity was filed, the tenant to whom the premises had been leased at the rental of $38.00 per month had only been in possession of the premises for fifteen days.

Under the provisions of the Emergency Price Control Act, as amended, 50 U.S. C.A.Appendix, § 925, it is provided that the person who makes the overcharge shall be liable for reasonable attorney's fees and costs in addition to the amount of the overcharge, or three times the amount thereof, as the Court in its discretion may determine. As a result thereof, the plaintiff is entitled to reasonable attorney's fees as a matter of law whether the overcharge was innocent, willful or the result of the failure to exercise practicable precautions. Trachtman v. Samit, D.C., 62 F.Supp. 176.

I, therefore, conclude that the acts of the defendant were willful and the result of her failure to exercise practicable precaution. The defendant will be held liable to the plaintiff for three times the amount of the overcharge plus reasonable attorney's fees and costs.

The Court makes the following Findings of Fact and Conclusions of Law:

### Findings of Fact

1. The defendant, Edith K. Wheeler, acted as landlord of the housing accommodation at 2309 Sassafras Street, First Floor, Front, Erie, Pennsylvania, comprising three rooms and bath, and garage,

effective September, 1945 and continuing throughout the period involved in this proceeding.

2. That the premises situate at 2309 Sassafras Street, First Floor, Front, Erie, Pennsylvania, were originally registered in the office of the Area Rent Director as comprising three rooms and bath, unfurnished, with garage service, at a rental of $27.00 per month.

3. That on March 5, 1943, due to a change in the condition of said premises, in that the three rooms were furnished, the Area Rent Director increased the maximum legal rent from $27.00 per month to $10.00 per week.

4. That said premises were rented by oral lease to R. V. Connor, the plaintiff herein, on October 15, 1945, at a monthly rental of $38.00.

5. That said premises were rented as three rooms and bath, unfurnished, without the use of a garage, without registering a change in the condition of said housing accommodation and without securing the authority of the Area Rent Director.

6. That the maximum legal rental for said premises for the period from October 15, 1945 to May 15, 1946, inclusive, was $23.00 per month.

7. That the defendant received from the plaintiff for the rental of said premises, for the period from October 15, 1945 to May 15, 1946, inclusive, rental in the amount of $38.00 per month which was an excess overcharge of $15.00 per month or in the total amount of $105.00.

8. That conclusive evidence of the rental of said premises as an unfurnished apartment is found on the first receipt issued by the defendant in which it is set forth in the handwriting of the defendant that the premises rented are unfurnished.

9. That the action of the defendant in failing to register the change in said premises or to refund the overcharges as directed by the Area Rent Director was willful.

10. That the action of the defendant in failing to register the change in the condition of said housing accommodation and to comply with the Order of the Area Rent Director as to refund was the result of her failure to exercise practicable precaution.

Conclusions of Law

1. This action is before the Court pursuant to Sections 205(e) and 205(c) of the Emergency Price Control Act of 1942, as amended by Stabilization Extension Act of 1944, 50 U.S.C.A.Appendix, § 901 et seq.

2. The order issued by the Area Rent Director decreased the maximum rent from $10.00 per week to $23.00 per month, which was authorized and proper on the basis of Section 5(c) (3) and 5(b) (2) of the Rent Regulation (9 Fed.Reg.50382 and 10 Fed.Reg.13528).

3. The cause of action in the instant case arose when the defendant defaulted in obedience to the requirement of refund which expired on May 30, 1946, and since the complaint was filed on May 27, 1946, the cause of action is not barred by the statute of limitations.

4. The defendant, Edith K. Wheeler, has violated the provisions of Section 4(e) of the Rent Regulations (9 Fed.Reg.50382, 10 Fed.Reg.13528) in failing to comply with the Order of the Area Rent Director in which a refund was directed of the rental collected in excess of the maximum legal rental.

5. The defendant, Edith K. Wheeler, demanded and received excessive rental for a housing accommodation designated as three rooms and bath, unfurnished, and without garage, the maximum rental for said premises being $23.00 per month.

6. The defendant, Edith K. Wheeler, demanded and received rental for said housing accommodation in the amount of $38.00 per month for the period from October 15, 1945 to and including May May 15, 1946, or made a total overcharge of $105.00 for the rental of said premises.

7. The action of the defendant in demanding and receiving excess rental for the premises was willful.

8. The action of the defendant in demanding and receiving excess rental was the result of the failure to exercise practicable precaution.

9. The action of the defendant in refusing to refund the overcharges made was willful.

10. The action of the defendant in refusing to refund the overcharges made was the result of the failure to exercise practicable precaution.

11. The plaintiff is entitled to recover and judgment is, therefore, entered in favor of the plaintiff and against the defendant in the amount of $315.00.

12. The plaintiff is entitled to costs and reasonable attorney's fees, and judgment is, therefore, entered in favor of the plaintiff and against the defendant for the costs of said proceeding and attorney's fees in the amount of $50.00.