## GUTMAN et al. v. LAWTON ESTATES, Inc., et al.

United States District Court
S. D. New York.
Jan. 22, 1952.

M. S. & I. S. Isaacs, New York City, Lewis M. Isaacs, Jr., Murray Schwartz, New York City, of counsel, for plaintiffs.

Maurice R. Whitebook, New York City, for defendants.

GODDARD, District Judge.

This is an action by a group of tenants of apartments in the apartment house at 321 West 78th Street, New York City, against the owners of the premises, Lawton Estates, Inc., and the managing agent of the premises, Joseph H. Nassoit, Inc., to recover treble damages for collection of rents in excess of the maximum prescribed under the Federal Housing and Rent Acts of 1947, as amended and for reasonable attorneys' fees and costs. Title 50 U.S.C.A. Appendix, § 1895. Both of the defendants are New York corporations.

Although the jurisdiction of this court is open to question, I have followed Judge Irving R. Kaufman's decision on a motion to dismiss this action in which he held that this court has jurisdiction, 99 F.Supp. 951, so that the entire case may be submitted to the Appellate courts for final disposition.

In November, 1948, a complaint was filed with the Area Rent Director for the tenants seeking a reduction of the maximum rent on the ground that the landlord had diminished the services it had been rendering. This was dismissed upon the defendants' undertaking to restore the services. The case was reopened in September, 1949 as the defendants' commitment had not been fulfilled. The defendants then made a new commitment to remedy the situation, but evidently this new commitment was not carried out, for on April 24, 1950 the Area Rent Director issued an order in which he found " * * * a decrease in over-all services from September 22, 1949

through the date of issuance of this Order, resulting in a decrease in the rental value in the amount of 10% per month." and ordered "Any rent collected from the effective dates of this Order in excess of the amounts specified in this Order shall be refunded to the tenant within 30 days from the date this Order is issued, unless the refund is stayed in accordance with the provisions of Rent Procedural Regulation No. 2 within 15 days from the date this Order is issued."

Defendants concede that they collected from the plaintiffs between September 22, 1949 and April 24, 1950, amounts in excess of the amounts specified in the order. Defendants also concede that they failed to make the refund required by the order and that they did not stay the refund in accordance with the provisions of Rent Procedural Regulation No. 2, namely by depositing the excess collected with the Housing Expediter.

Defendants appealed to the Federal Housing Expediter from these orders and on June 1, 1950 he issued an order denying the appeal with an opinion.

 Defendants contend that as the order of April 24, 1950 allowed them thirty days thereafter to make their refund, namely—until May 24th, and since the Federal Housing and Rent Acts were terminated in New York State as of midnight of April 30, 1950, by virtue of the enactment of the New York State Rent Control Law, plaintiffs' cause of action did not mature and the order was not enforcible. This contention is without merit.

This right and liability was incurred prior to the termination of the Act and remained in force. Title 1 U.S.C. § 109; Title 50 U.S.C.A.Appendix, § 1894(f); United States v. Moore, 340 U.S. 616, 71 S.Ct. 524, 95 L.Ed. 582; United States v. Mashburn, D. C., 85 F.Supp. 968. The order found overcharges through April 24, 1950. It then established the liability of defendants to plaintiffs.

Defendants rely on Woods v. Stone, 333 U.S. 472, 68 S.Ct. 624, 92 L.Ed. 815, and Connor v. Wheeler, D. C., 77 F.Supp. 875. In those cases, the courts said that for purposes of the Statute of Limitations it did not begin to run until the end of the thirty day period.

In the case at bar the order of April 24, 1950 declared that the tenants were entitled to a refund of the excess rents and merely allowed the landlord thirty days in which to pay. The order was never complied with. It would be both contrary to the purpose of the Acts and an injustice to deny the tenants the recovery which the Area Rent Director had found they were entitled to, because the period of grace allowed the landlord in which to pay had not expired until after the termination of Federal Rent Control in the State.

It would be a strange situation if the Area Rent Director had the authority to order the landlord to make a refund, but there was no legal obligation on the part of the landlord to do so.

The defendants are liable for treble damages unless they prove that the violation was neither willful nor the result of failure to take practicable precautions against the occurrence of the violation. Title 50 U.S.C.A.Appendix, § 1895(a).

 "Willful" means intentional, knowing, obstinate as distinguished from accidental, involuntary or unintentional. Connor v. Wheeler, supra. Defendants deliberately failed to make the deposit which would stay the effectiveness of the order. Though they assert they thought in good faith that the order was unenforcible due to termination of Federal control, they did not assert this as a ground in their appeal to the Housing Expediter. Ignoring a refund order without excuse or justification constitutes bad faith and subjects the offender to treble damages. Griffith v. Norman, 10 Cir., 170 F.2d 745. In these circumstances a "practicable precaution" against a violation was to make the deposit.

Certainly defendants have not proven that their violation of the Federal Housing and Rent Acts was neither "willful nor the result of failure to take practicable precautions against the occurrence of the violation." On the contrary, after hearing the witnesses, my impression is that the

failure to meet the requirements of the Rent Acts was deliberate.

An order will be granted providing for the payment by defendants of damages equal to three times the amount of the excess rents collected from each tenant plus attorneys' fees and costs. The reasonable fee of the attorneys is fixed at $1,000.

Findings of fact and conclusions of law are filed herewith.