**WEIGLE, Plaintiff-Appellee, v. SNIDER et, Defendants-Appellants.**

Ohio Appeals, Second District, Franklin County.

No. 5209. Decided February 10, 1956.

474

Basom, Minor & Wedemeyer, Louis H. Wedemeyer, of Counsel, Columbus, for plaintiff-appellee.

Walter R. Hill, Columbus, for defendants-appellants.

(FESS, J, of the Sixth District, sitting by designation in the Second District.)

## OPINION

By FESS, J.

Appeal on questions of law from a judgment of the Common Pleas Court affirming a judgment of the Municipal Court of Columbus on behalf of the plaintiff in the sum of $560.00 plus attorney fee of $95.00 and costs.

The action is for overcharge rent equivalent to $32.50 per month for twelve months from December 27, 1951 to December 27, 1952—$390.00, plus $780.00 in liquidated damages and reasonable attorney fees.

The record discloses that a registration statement fixed the maximum rent for the quarters later occupied by the plaintiff as of March 1, 1942, at $35.00 per month. Defendants purchased the property March 27, 1950, and from July, 1951, to December 27, 1952, rented the premises to the plaintiff for the sum of $75.00 per month. The judgment of $560.00 was computed upon three times the overcharge of $40.00 for the month of December, 1951, plus eleven months at $40.00 per month.

At the trial defendants sought to introduce testimony that at the time they purchased the property they were advised by their attorney that the property was decontrolled by reason of the fact that it had been owner occupied prior to such purchase. This testimony was inadmissible as evidence of prior owner occupancy for the requisite period of time, but was admissible as evidence of good faith on the part of the defendants and absence of willful violation of rules and regulations of the Housing Expediter. Since a penalty was adjudged the exclusion of this testimony was prejudicial to the defendants.

Evidence on behalf of the defendants that substantial improvements had been made by them prior to renting the premises to the plaintiff was also rejected. The proffer indicates that defendants expended between $1500.00 and $1700.00 in improving and modernizing the rental unit The exclusion of this testimony was likewise prejudicial to the defendants.

"Where housing accommodations have been substantially changed * * * by a major capital improvement * * * the maximum rent is the first rent after such change."

"Under Section 5 (c) (1) the rent director may decrease this maximum rent to the rent generally prevailing in the defense rental area for comparable housing accommodations on maximum rent date."

"Under the regulations orders in adjustment proceedings are not retroactive." O. P. A. rent control guidebook, cited in **Dunaway v. Torline, 90 Oh Ap 516, 523.**

On the other hand it has been held that where a landlord fails to notify the Area Rent Director that there has been a change in the rental premises, the landlord may continue to collect the unapproved rental but subject to a revision by public authority and to a refund of anything then found to have been excessive; (Connor v. Wheeler, 77 F. Supp. 875) thus giving retroactive application to the proceedings. But the decision as well as the regulations imply that when housing accommodations had been substantially changed the landlord could continue to charge the first rent after such change until the amount thereof should be reduced by an appropriate directive of public authority.

The defendants therefore had the right to submit proof with respect to the extent and value of the modernization of the accommodations. Upon proof that such accommodations had been substantially changed, proof of administrative action fixing a maximum rental for the remodeled accommodations would become a condition precedent to recovery of excess payments. **Dunaway v. Torline, 90 Oh Ap 516; Wright v. Yonkilis, 93 Oh Ap 519.**

The judgments of the Common Pleas Court and the Municipal Court of Columbus are reversed and the cause is remanded to the Municipal Court for a new trial. Costs to abide final judgment.

MILLER, PJ, HORNBECK, J, concur.