**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| LEHIGH CONCRETE, INC. AND ALLEN GRUBER | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RANDY BULT, TRAVIS BULT AND DIRT WORK SOLUTIONS, LLC | : | No. 2639 EDA 2022 |
| | : | |
| APPEAL OF: DIRT WORK SOLUTIONS, LLC | : | |

Appeal from the Judgment Entered November 28, 2022
In the Court of Common Pleas of Lehigh County Civil Division at No(s):
2020-C-1135

BEFORE:  STABILE, J., KUNSELMAN, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                **FILED NOVEMBER 02, 2023**

Dirt Work Solutions, LLC ("Dirt Work") appeals from the judgment entered against it[1] and in favor of Lehigh Concrete, Inc. and its owner, Allen Gruber (collectively, "Lehigh Concrete"). Dirt Work argues the court erred in awarding damages exceeding the amount Lehigh Concrete pleaded in its amended complaint. We affirm.

Dirt Work, a contractor, hired Lehigh Concrete as a subcontractor on a project to build two retaining walls at St. Luke's Hospital in Saucon Valley. *See* Trial Court Opinion, 12/12/22, at 3-4. Lehigh Concrete later commenced

---

[1] Randy Bult and Travis Bult were removed as defendants following preliminary objections. *See* Praecipe to Remove Defendants, 8/19/20, at 1; Order, 9/2/20, at 1.

this litigation, alleging in an amended complaint that Dirt Work had failed to provide full consideration for the work it completed. Lehigh Concrete asserted claims of breach of contract and unjust enrichment.

In the body of the amended complaint, Lehigh Concrete alleged that it had submitted four invoices to Dirt Work, totaling $126,745.92:

- $15,929.14,
- $35,779.28,
- $8,925.00, and
- $66,112.50.

Amended Complaint, 7/9/20, at 8 (unpaginated). It alleged that Dirt Work had only paid it $55,000 towards these invoices. It pleaded damages "in excess of" the allegedly remaining amount: $71,745.92. **Id.**

Lehigh Concrete also attached copies of the four invoices as exhibits to the amended complaint. However, in contrast to the allegations in the body of the complaint, the first invoice stated that Dirt Work owed Lehigh Concrete $5,929.14, rather than $**1**5,929.14. **See** Amended Compl. at Ex. A. Moreover, the invoice stated it represented work totaling $60,929.14, but that only $5,929.14 was still due because the invoice accounted for Dirt Work's $55,000 payment – the same payment which Lehigh Concrete had again deducted from the total amount of the invoices when calculating damages in the body of the complaint. **See id.**

In its pretrial statement, Lehigh Concrete changed its demand to $116,745.92 "plus cost of add-ons." Lehigh Concrete's Pretrial Statement,

9/8/22, at 2. Lehigh Concrete's proposed findings of fact stated that the four invoices totaled $171,745.92, Dirt Work had paid $55,000 towards that total, and the outstanding balance was $116,745.92. Lehigh Concrete's Proposed Findings of Fact, 9/8/22, at 2-3. Dirt Work did not request a trial continuance.

At trial, nearly two weeks after the filing of the pretrial statement, Lehigh Concrete submitted the invoices into evidence, as P-3 through P-6. Dirt Work did not object. Lehigh Concrete offered testimony substantiating the invoices and that the total outstanding amount was $116,745.92. Dirt Work objected to the testimony, because Lehigh Concrete had only pleaded $71,745.92 in damages in the amended complaint. The court overruled the objection.[2]

---

[2] The discussion went as follows:

> [Dirt Work]: The complaint and amended complaint is $71,245.92 and testimony just took a variance from that at a $116,000 which is - - should have been an amended complaint so we just ask that the Courts note that, and that the proper procedure should have been followed if [they] wanted [it] to be increased [to] 116.
>
> THE COURT: What was the exact number? . . .
>
> [Lehigh Concrete]: We are aware where it says ["in excess of"] 71, I just added the numbers of the bills that were submitted as $116,745.80. . . .
>
> THE COURT: And that is - - so you're adding together Exhibit 3?
>
> [Lehigh Concrete]: P-3, through P-6. P-1 and 2 being estimates, and the other four bills subtracting 55,000 my clients bring until the debt is paid. . . .

*(Footnote Continued Next Page)*

The court found against Dirt Work in the amount of $107,820.92. It found Dirt Work was not liable for the invoice for $8,925.00, but that it owed Lehigh Concrete the total shown in the other three invoices, less the $55,000 payment it had made.

Dirt Work filed a motion for post-trial relief,[3] which the court denied. Dirt Work appealed,[4] and raises the following question: "Did the [trial] court

---

[Dirt Work]: But again, Your Honor, being a contract case and the complaint and the amended complaint set forth 71,245.92, there should have been proper pleading amendments done in a timely manner.

THE COURT: Well, how do you account for the discrepancy, [Lehigh Concrete]?

[Lehigh Concrete]: Subtraction paragraph 49, I think what it boils down to. Because we added up the total and subtracted 55 that was already accounted for in P-4.

[Dirt Work]: And that's fine, Your Honor, but again it's in the pleadings.

THE COURT: Which specifically states ["]in excess of 71,745["] so I'll allow him to assert the figure here in the courtroom. Go ahead.

N.T., 9/21/22, at 41-43.

[3] Although styled as a motion for reconsideration, rather than for post-trial relief, Dirt Work filed its motion challenging the court's verdict within 10 days of the court's decision following trial. **See** Pa.R.C.P. 227.1(c)(2) (stating motions for post-trial relief must be filed within 10 days of the filing of the decision in a non-jury trial). We therefore do not find the title of the motion renders Dirt Work's issue waived, as Lehigh Concrete argues. **See De Lage Landen Fin. Servs., Inc. v. Rozentsvit**, 939 A.2d 915, 923 (Pa.Super. 2007).

[4] Dirt Work filed the notice of appeal after the court denied its post-trial motion, but before the trial court entered judgment on the docket. Judgment
*(Footnote Continued Next Page)*

- 4 -

err by granting a judgment to Lehigh Concrete in excess of what it pleaded in the operative complaint in which it alleged breach of contract, account stated, and unjust enrichment?" Dirt Work's Br. at 3.

Dirt Work argues that the court erred in awarding Lehigh Concrete $107,820.92 when the amended complaint pleaded damages of $71,745.92. Dirt Work argues that its "first indication" that Lehigh Concrete sought a greater amount – $116,745.92 – was when it submitted its brief "on the eve of trial." *Id.* at 9. Dirt Work claims it was prejudiced by the variance because if "the amount Lehigh Concrete sought at trial been pleaded in its [amended c]omplaint, then Dirt Work would have adduced discovery to probe that claim (which it disputed at trial and timely objected to), and possibly could have retained an expert review of that claim." *Id.* at 8-9.

"Our standard of review in non-jury trials is to assess whether the findings of facts by the trial court are supported by the record and whether the trial court erred in applying the law." ***Woullard v. Sanner Concrete & Supply***, 241 A.3d 1200, 1207 (Pa.Super. 2020) (citation omitted). Our standard of review of questions of law is *de novo* and our scope of review is plenary. ***Kripp v. Kripp***, 849 A.2d 1159, 1164 n.5 (Pa. 2004).

_____

has since been entered, perfecting the appeal. **See** Pa.R.A.P. 905(a)(5) ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof"). We have amended the caption to reflect that the appeal lies from the entry of judgment. **See Brown v. Phila. Coll. of Osteopathic Med.**, 760 A.2d 863, 865 n.1 (Pa.Super. 2000).

This Court has previously set forth the law of variance as follows:

A variance denotes difference and in reference to legal proceedings, it refers to a disagreement or difference between the allegations made and the proof shown, not in the sense that there is a failure of proof, but that, contrary to the fundamental principle of good pleading and practice, the proof fails to materially correspond to the allegations. A material variance consists of a departure in the evidence from the issues on which the cause of action must depend.

For purposes of determining whether a claimed or apparent discrepancy between pleadings and proof constitutes a variance, the entire pleadings and evidence should be considered. Generally, in order to constitute a variance, the discrepancy must exist between the allegations and proofs of the particular party, with the result that a party is not permitted to introduce evidence that is inconsistent with or fails to correspond to the allegations made by that party.

The modern rules of pleading and practice are relatively liberal. Consequently, the impact of variance may be diminished by the preference for a liberal, if not informal, evaluation of pleadings emphasizing the determination of cases based upon their merits rather than based on mere technicalities, which policy, for example, may allow a party to cure a variance by offering, during or after trial, to amend the pleadings to conform to the proof.

*Young v. Lippl*, 251 A.3d 405, 418 (Pa.Super. 2021) (quoting *Graham v. Campo*, 990 A.2d 9, 13-14 (Pa.Super. 2010)) (brackets omitted).

Relief is only warranted where the variance is material and prejudices the defendant. That is, even where the things alleged and the things proven "may not entirely agree, if the defendant is not misled, and the variance does not in any way affect the trial on its merits, or set up a different cause of action, or impose any different burden on the defendant, the variance will not be considered material." *Lippl*, 251 A.3d at 418-19 (quoting *Higgins Lumber*

*Co. v. Marucca*, 48 A.2d 48, 49-50 (Pa.Super. 1946) (emphasis omitted).[5] A variance is not material where it "merely adds to or amplifies the original complaint." *Graham*, 990 A.2d at 14 (citation and emphasis omitted).

Here, the trial court explained that it found Lehigh Concrete had "made a scrivener's error" when pleading the total damages in the Amended Complaint, by "errantly deduct[ing Dirt Work]'s $55,000.00 payment twice" from the total shown in the invoices. Trial Ct. Op. at 4. It further found Dirt Work was not prejudiced by the error, because it was put on notice of the actual amount of damages through the invoices:

> All of the invoices were properly attached to the Amended Complaint and have been in [Dirt Work]'s possession throughout this litigation. There is no prejudice to [Dirt Work] in awarding [Lehigh Concrete] the measure of damages that adequately compensates them for the work performed. [Dirt Work] should not reap the benefit of a mathematical miscalculation in the body of the amended complaint, when the proper documentation was attached thereto.

*Id.* (footnote omitted). The court also observed that the amount it awarded Lehigh Concrete was at least $75,000 less than its pre-construction price estimate.

We agree that Dirt Work was not prejudiced by any variance between the allegations and the evidence. In its amended complaint, Lehigh Concrete clearly alleged damages in the amount of the four unpaid invoices, less one $55,000 payment. Although Lehigh Concrete later recalculated the total, the

---

[5] *See also Rachlin v. Edminson*, 813 A.2d 862, 871 (Pa.Super. 2002) (*en banc*) (stating that a variance "may result in preclusion . . . if it constitutes a new cause of action and is prejudicial to the defense") (citation omitted).

total amount reflected in each of the four invoices attached to the complaint did not vary and the alleged reason for each invoice did not vary. Lehigh Concrete did not add a new cause of action or legal theory, affect the facts at issue at trial, or impose any different burden on Dirt Work to defend against the sums listed in the invoices. Although Dirt Work claims it would have elicited discovery or introduced expert testimony regarding the recalculation, it has not identified the nature of discovery or expert opinion it could have obtained. Moreover, the incongruity between the invoices and the amended complaint should have put it on notice that it needed to investigate further and determine if it needed further discovery or expert opinion.

Judgment affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/2/2023