J-S14011-20

2020 PA Super 142

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LADY U. SAVAGE | : | |
| | : | |
| Appellant | : | No. 1345 EDA 2019 |

Appeal from the Order Entered April 5, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-MD-0001854-2019

BEFORE: BOWES, J., KING, J., and FORD ELLIOTT, P.J.E.

OPINION BY BOWES, J.: **FILED JUNE 16, 2020**

Lady U. Savage appeals from the April 5, 2019 order denying her petition for leave to appeal *nunc pro tunc*. After careful review, we reverse and remand for further proceedings consistent with this opinion.

The trial court has provided an apt summary of the facts in this case:

On November 18, 2018, Appellant was operating a gray Mercedes southbound on 63rd Street near where it intersects with Lancaster Avenue in Philadelphia. A Philadelphia police officer stopped Appellant and issued traffic citation [JJ 052507-0] based on an alleged violation of [75 Pa.C.S. § 3112]. According to the remarks on the citation, the officer observed that Appellant "ran a red light traveling [southbound] on 63rd."

Appellant signed the citation and it was given to her by the officer. Unfortunately, she failed to read it. The citation had listed on it a trial date of January 6, 2019, at 9:00 a.m. Although the case was listed for a January 6, 2019 trial, it was not heard until January 16, 2019, at 9:00 a.m. due to what appears to be a clerical error. [Appellant], however, did not appear for trial on either January 6, 2019, or January 16, 2019. On January 16, 2019, the [trial] court found Appellant guilty.

> The court mailed a notice to Appellant at 8[XXX] Fenton Road, Glenside, PA 19038.[1] Appellant confirmed that she was residing at that address at the time that the notice was mailed to her by the court. She denied ever receiving the notice. The notice informed Appellant that she had been found guilty *in absentia* and that she had thirty days from January 16, 2019, to take an appeal to the Court of Common Pleas.
>
> . . . .
>
> It was not until March 8, 2019, that Appellant filed a petition seeking permission to appeal *nunc pro tunc*. In the petition, Appellant checked the box for the delay in filing the appeal being caused by non-negligent happenstance or unique and compelling factual circumstances.
>
> After holding an April 5, 2019 hearing, the [trial] court denied the petition and entered an [o]rder to that effect. On April 30, 2019, [Appellant] filed a timely appeal from the [trial] court's April 5, 2019 Order denying the petition.

Trial Court Opinion, 9/6/19, at 1-2 (cleaned up).

On May 1, 2019, the trial court ordered Appellant to file a concise statement of errors pursuant to Pa.R.A.P. 1925(b). Appellant did not comply. Nonetheless, the trial court filed an opinion pursuant to Rule 1925(a).[2]

---

[1] We have obscured the precise numbers of Appellant's street address in order to safeguard the litigant's privacy.

[2] The trial court maintains Appellant has waived her claim by failing to file a Rule 1925(b) concise statement. We cannot agree. The trial court's order directing Appellant to file a concise statement of errors does not comply with Pa.R.A.P. 1925(b)(3), which requires that such an order specify, *inter alia*, that: (1) the statement "shall be served on the judge;" and (2) "any issue not included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived." Pa.R.A.P. 1925(b)(3)(iii)-(iv). The trial court's order merely directs Appellant to file a concise statement of errors and sets a deadline, while neglecting to advise Appellant that she must serve a copy of the concise statement upon the judge or warn her concerning the possibility

Appellant has raised a single question for our consideration: "Whether the trial court erred in denying Appellant's motion for allowance of appeal *nunc pro tunc* where there is error, negligent acts and a breakdown in court procedures that demonstrates a violation of Pennsylvania criminal procedures, Pennsylvania civil procedures, and extraordinary circumstances." Appellant's brief at 3 (cleaned up).

An abuse of discretion standard governs our review of the propriety of a trial court's grant or denial of a petitioner's request for an appeal *nunc pro tunc*. *See Commonwealth v. Stock*, 679 A.2d 760, 762 (Pa. 1996). In this context, an abuse of discretion is not merely an error of judgment, but occurs when the law is "overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will as shown by the evidence or the record." *Raheem v. University of the Arts*, 872 A.2d 1232, 1234 (Pa.Super. 2005).

Pennsylvania Rule of Criminal Procedure 460 provides that an appeal from a summary proceeding "shall be perfected by filing a notice of appeal within 30 days after . . . the conviction." Pa.R.Crim.P. 460(a). Instantly, Appellant had until February 15, 2019, to file a timely appeal from her summary conviction. *Id*. Appellant allowed this window of time to expire. However, Appellant asserts that an alleged breakdown in the court processes

---

of waiver. *See* Order, 5/1/19. These deficiencies in the trial court's order preclude a finding of waiver under Pa.R.A.P. 1925(b)(4)(vii). *See Commonwealth v. Bush*, 197 A.3d 285, 287 (Pa.Super. 2018).

occurred and asks that her failure to file a timely notice of appeal from her summary conviction be excused. In relevant part, Appellant has alleged that she failed to properly receive notice of her in *absentia* conviction and that the trial court erred in failing to grant her relief as a result of these circumstances.

Appellant filed a petition seeking leave to file an appeal *nunc pro tunc* under the theory that her noncompliance is "excusable as it was the result of non-negligent circumstances and/or a breakdown in the court's operations." ***Commonwealth v. Alaouie***, 837 A.2d 1190, 1192 (Pa.Super. 2003). A party seeking leave to appeal from a summary conviction *nunc pro tunc* has the burden of demonstrating two things: (1) that the delay in the filing of the appeal was caused by "extraordinary circumstances" involving fraud or a wrongful or negligent act of a court official resulting in injury to that party; and (2) that upon learning of the existence of the grounds relied upon for *nunc pro tunc* relief, the party acted promptly to seek such relief. ***Commonwealth v. Yohe***, 641 A.2d 1210, 1212 (Pa.Super. 1994). Overall, the touchstone for our inquiry is whether Appellant was denied her right of appeal by circumstances not of her own doing so as to merit the grant of this "extraordinary remedy." ***Commonwealth v. White***, 806 A.2d 45, 46 (Pa.Super. 2002) (citing ***Stock***, ***supra*** at 763-64 (collecting cases)).

In pertinent part, Appellant has averred that she never received notice of her summary conviction in the mail,[3] and that she would have taken a timely appeal if she had received such a notification.  **See** Appellant's brief at 7-8 ("The Commonwealth has not presented any evidence that [Appellant] was sent or received the [notice] that she was found guilty in *absentia*."). Pursuant to Pennsylvania Rule of Criminal Procedure 455, the trial court was required "to give notice by first class mail to the defendant of the conviction and sentence, and of the right to file an appeal within 30 days for a trial *de novo*."  Pa.R.Crim.P. 455(D).  A defendant "tried in *absentia* and found guilty must be notified of [her] conviction and sentence."  **White**, **supra** at 46.

In pertinent part, Appellant testified that she failed to receive any notice of her conviction in *absentia*.  **See** N.T. Hearing, 4/15/19, at 11-12. Appellant's allegation is that the notice of her conviction was incorrectly addressed and, consequently, she never received it.  **See** N.T. Hearing, 4/15/19, at 11-12; **see also** Appellant's brief at 10 ("[T]he incorrect

---

[3]  Appellant has argued that the trial court should have stayed proceedings and sent Appellant a summons via certified mail under Pennsylvania Rule of Criminal Procedure 451.  **See** Pa.R.Crim.P. 451(B).  However, her reliance upon this provision is inapposite.  A certified mailing under Rule 451(B) is only appropriate where the initial notice or summons to a defendant is made via first-class mail.  **Id**.  Appellant was personally served with a copy of the citation by law enforcement.  **See** Pa.R.Crim.P. 451(A) (permitting personal service upon a defendant).  Accordingly, no certified mailing was mandated.

addresses[4] that the trial court has for Appellant sheds doubt on whether a mailed notice was ever received." (cleaned up)). The specific error referenced by Appellant is that the notice of her conviction mailed by the trial court was addressed to 8XXX Fenton Road, **Glenside**, Pennsylvania 19038, while Appellant actually lived at 8XXX Fenton Road, **Laverock**, Pennsylvania 19038.[5] *See* Appellant's brief at 7-10.

In its Rule 1925(a) opinion, the trial court confirmed that the notice of Appellant's conviction was mistakenly addressed to Glenside and not to Laverock.[6] *See* Trial Court Opinion, 9/6/19, at 1. However, it avers that because the remainder of Appellant's address was correct and the notice was deposited in the mail, there was a presumption that Appellant received the notice pursuant to the venerable "mailbox rule." *Id*. at 5 ("In the present

---

[4] The top of the citation issued to Appellant incorrectly identified Appellant as living at the same street address and zip code, but located in Philadelphia. *See* Citation JJ 052507-0, 11/18/18. Immediately below on the same document, Appellant's correct address in Laverock is listed as the address of the owner of the vehicle. *Id*. Aside from the marked difference in municipalities, the respective addresses are identical.

[5] Although we have obscured the precise house number in the interest of Appellant's privacy, we note these respective street addresses are identical.

[6] The trial court suggests that Appellant admitted to residing at the Glenside address listed on the notice of conviction. *See* Trial Court Opinion, 9/6/19, at 1 ("[Appellant] confirmed that she was residing at that address at the time that the notice was mailed to her by the court."). There is no support for this conclusion in the record, as the transcript of the hearing clearly indicates that Appellant only confirmed her address after noting that she resided in Laverock, and not in Glenside. *See* N.T. Hearing, 4/5/19, at 11. Tellingly, all subsequent mailings from the trial court were directed to Laverock.

- 6 -

case, [Appellant] has failed to present sufficient evidence to rebut the mailbox rule presumption."). "This evidentiary rule, succinctly stated, provides that the depositing in the post office of a **properly addressed letter** with prepaid postage raises a natural presumption, founded in common experience, that it reached its destination by due course of mail." ***Commonwealth v. Thomas***, 814 A.2d 754, 761-62 (Pa.Super. 2002) (quotation omitted, emphasis added).

Succinctly stated, the trial court's reliance upon this principle is misplaced in this case. As noted above, the record establishes that the notice of Appellant's in *absentia* conviction was addressed to an incorrect address.[7] Pennsylvania precedent clearly provides that an incorrect address on a mailing precludes the application of the "mailbox rule." ***Id***. at 762 n.3 ("[W]e note that if a mailing is not addressed correctly our Court has held that the presumption of receipt cannot apply.") (citing ***Julian C. Cohen Salvage Corp. v. Eastern Elec. Sales Co.***, 206 A.2d 331, 333 (Pa.Super. 1965); ***Higgins Lumber Co. v. Marucca***, 48 A.2d 48, 49 (Pa.Super. 1946)).

There is a surprising paucity of case law on this precise issue, particularly in the context of criminal law. However, our review of the existing precedent indicates that strict compliance is favored. ***See Thomas***, ***supra*** at 762 n.3 (suggesting that the misordering of a party's name on a mailing would preclude application of the mailbox rule), ***Cohen***, ***supra*** at 333 (incorrect first

---

[7] The Commonwealth's analysis relies upon a mistaken presumption that notice of Appellant's conviction was mailed to her correct address. ***See*** Commonwealth's brief at 11. As such, we will not address it further.

names on letter invalidated presumption of receipt); **Marucca**, **supra** at 49 (incorrect last name on mailing invalidated presumption of receipt). Read together, these cases indicate that a "properly addressed" mailing is a firm prerequisite to the invocation of the mailbox rule, and that even minor oversights in this regard can preclude its application. **Id**.

While these cases do not specifically state that an error in the physical address may void the application of the rule, such an interpretation is consistent with the powerful and coercive effect of the mailbox rule, which cannot be rebutted by mere testimony that a party has not received the at-issue mailing.[8] The obvious mistakes detailed above concerning Appellant's address are difficult to ignore in light of the fact that Appellant has testified that she never received the notice of her conviction. **See** N.T. Hearing, 4/15/19, at 11-12. Moreover, she also acted with due diligence upon discovery of her conviction.[9] **Id**.

---

[8] **See Murphy v. Murphy**, 988 A.2d 703, 709 (Pa.Super. 2010) ("[T]he presumption under the mailbox rule is not nullified solely by testimony denying receipt of the item mailed.").

[9] Appellant testified that she received notice of a default as a result of her failure to make payments in connection with her conviction near the end of February 2019. **See** N.T. Hearing, 4/5/19, at 11-13; **see also** Trial Court Opinion, 9/6/19, at 2. She filed her petition on March 8, 2019. **Id**. No bright-line deadline exists for this analysis. We conclude that Appellant's action of filing a petition within approximately two weeks of receiving notice of her default does not demonstrate a lack of diligence requiring the denial of her claim for relief. **See**, **e.g.**, **Commonwealth v. Liptak**, 573 A.2d 559, 561-62 (Pa.Super. 1990) (holding defendant who waited over three months after receiving notice of conviction before seeking relief did not act in a timely

Based on the foregoing discussion, we conclude that the trial court erred by relying upon the mailbox rule to satisfy the requirement that Appellant receive notice of her in *absentia* conviction. **See** Pa.R.Crim.P. 455(D). The notice mailed to Appellant was incorrectly addressed, which precludes the application of the mailbox rule's presumption of receipt. **Accord Thomas**, **supra** at 762 n.3. Moreover, there is no other competent evidence establishing that Appellant ever received any notice of the conviction. Accordingly, we believe that it is appropriate to reverse the trial court's order denying Appellant's request for leave to appeal *nunc pro tunc*. **Id**.; **see also, e.g.**, **Commonwealth v. Yohe**, 641 A.2d 1210, 1212 (Pa.Super. 1994) (suggesting that failure to receive notice of a summary conviction would present sufficient grounds on which to grant leave to appeal *nunc pro tunc*).

Order reversed. Case remanded for further proceedings consistent with this opinion. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/16/2020

---

fashion), **abrogated on separate grounds Commonwealth v. Tarnopolski**, 626 A.2d 138, 141 (Pa. 1993).