J-A08043-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY LAMAUR GERMANY | : | |
| | : | |
| Appellant | : | No. 916 WDA 2022 |

Appeal from the Judgment of Sentence Entered November 28, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-SA-0001936-2018

BEFORE:  STABILE, J., SULLIVAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                    **FILED:  April 12, 2023**

Anthony Lamaur Germany (Germany) appeals *nunc pro tunc* from the judgment of sentence entered in the Court of Common Pleas of Allegheny County (trial court) for Driving While Operating Privileges are Suspended (DUS).[1]  The judgment was entered after the trial court dismissed Germany's summary appeal for his failure to appear at the scheduled hearing without explanation.  Counsel has filed a petition to withdraw pursuant to **Anders v. California**, 386 U.S. 738 (1967).  We affirm and grant counsel's petition to withdraw.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S. § 1543(a).

We take the following background facts and procedural history from the trial court's September 29, 2022 opinion and our independent review of the record.

**I.**

On September 28, 2018, the Magisterial District Court convicted Germany of DUS that occurred on February 22, 2018. On October 10, 2018, Germany filed a counseled summary appeal to the trial court. The notice of summary appeal contained the date (11/28/18), time and place for the hearing. (*See* Petition to File Motion for Reconsideration *Nunc Pro Tunc*, 10/15/21, at Exhibit A). In the meantime, on November 6, 2018, Germany entered a negotiated plea agreement with the assistance of counsel in a separate case (6235-2018). On November 20, 2018, Germany was transported from the Allegheny County Jail to SCI Pine Grove to begin serving his sentence.

At the scheduled November 28, 2018 hearing in this matter, Assistant Public Defender Alan Skwarla appeared on Germany's behalf. Germany was not present and Attorney Skwarla reported that he did not know Germany's whereabouts. After noting that neither Germany nor anyone on his behalf had communicated with the court to explain his absence, Judge W. Terrence O'Brien dismissed his summary appeal and adjudged him guilty of DUS based on the Magisterial District Court's verdict, sentencing him to 90 days in county

jail, plus costs. (**See** N.T. Summary Appeal, 11/28/18, at 2); (Order, 11/28/18, at 1).

Approximately two years later, on November 15, 2020, Germany was paroled for case number 6235-2018. Nearly a year later, on October 15, 2021, Germany's privately retained counsel filed a petition to file a motion for reconsideration of the DUS conviction *nunc pro tunc*. Germany argued that he was not present for the summary appeal hearing because he was incarcerated and was unable to file his motion sooner because he was paroled during the COVID-19 pandemic that precluded him from accessing the courts and obtaining counsel. (**See** Petition to File Motion for Reconsideration *Nunc Pro Tunc*, at ¶¶ 6-10). The Commonwealth responded that Germany was represented by multiple counsel at all relevant times and, therefore, he "had more than ample opportunities to make his attorneys aware of this pending summary appeal to file the appropriate court pleadings." (Commonwealth's Response to Germany's Petition to File Appeal *Nunc Pro Tunc*, 5/06/22, at ¶ 14). Further, the Commonwealth maintained that the trial court "was open and available during the year of the COVID pandemic" so Germany could have filed the appropriate motions much sooner than October 15, 2021. (**See id.** at ¶¶ 12-16). Judge O'Brien denied the petition on June 1, 2022.

After the 30 days had passed to appeal the denial of his petition for reconsideration, on July 12, 2022, Germany filed a *pro se* petition for permission to appeal to this Court *nunc pro tunc* in which he again stated that

he was incarcerated on November 18, 2020, and was found guilty because the prison did not bring him to court. (*See* Petition to File Appeal *Nunc Pro Tunc*, 7/12/22, at 1). On August 5, 2022, after hearing no evidence, Judge Wrenna Watson granted the petition. That same day, Germany filed a *pro se* notice of appeal with the trial court. On August 15, 2022, Judge O'Brien issued an order, mailed to Germany at the residential address he used for filing the appeal, directing the filing of a concise statement within 21 days.

Because a concise statement was not filed, Judge O'Brien filed a Rule 1925 opinion finding that Germany waived any claims he wished to raise. **See** Pa.R.A.P. 1925(b).[2] After this Court issued the briefing schedule, Germany sought the appointment of appellate counsel. (**Anders** Brief, at 8). On October 19, 2022, appellate counsel entered her appearance on Germany's behalf, and on December 8, 2022, counsel filed an **Anders** brief and petition to withdraw to which Germany has not responded.

---

[2] The trial court maintains that Germany's appellate issues are waived for his failure to file the court-ordered Rule 1925(b) statement. This Court strictly adheres to the Supreme Court's pronouncement that if a defendant fails to file a court-ordered statement of errors to be raised on appeal, he has waived his appellate issues. **See Commonwealth v. Lord**, 719 A.2d 306 (Pa. 1998); **see also** Pa.R.A.P. 1925(b)(4)(vii). However, in order to decide counsel's petition to withdraw, **Anders** requires that we examine the merits of Germany's claim. Despite Germany's waiver, we will review his issue's merits. **See Commonwealth v. Bishop**, 831 A.2d 656, 659-60 (Pa. Super. 2003) (observing that where counsel has petitioned to withdraw, appellate court must review issues even though waived for failure to file Rule 1925(b) statement).

**II.**

**A.**

Before reaching Germany's issue, we must consider counsel's request to withdraw. **See Commonwealth v. Lilley,** 978 A.2d 995, 997 (Pa. Super. 2009). It is well-settled that:

Court-appointed counsel who seek to withdraw from representing an appellant on direct appeal on the basis that the appeal is frivolous must:

(1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) file a brief referring to anything that arguably might support the appeal but which does not resemble a "no-merit" letter or *amicus curiae* brief; and (3) furnish a copy of the brief to the defendant and advise the defendant of his or her right to retain new counsel or raise any additional points that he or she deems worthy of the court's attention.

**Id.**(citations omitted).

Further, our Supreme Court ruled in **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), that **Anders** briefs must contain "a discussion of counsel's reasons for believing that the client's appeal is frivolous[.]" **Santiago**, 978 A.2d at 360.

Counsel's **Anders** brief and petition to withdraw substantially comply with the applicable technical requirements and reveal that she has made "a conscientious examination of the record [and] determined that the appeal would be frivolous[.]" **Lilley**, 978 A.2d at 997 (citation omitted). Additionally, the record establishes that counsel served Germany with a copy of the **Anders**

brief and application to withdraw and a letter of notice, which advised him of his right to retain new counsel or to proceed *pro se* and raise additional issues to this Court. **See id.**; (**see also** Petition to Withdraw, 12/08/22, Appendix C, at 1). Furthermore, the petition and brief cite "to anything that arguably might support the appeal[.]" **Lilley**, 978 A.2d at 997 (citation omitted); (**see also Anders** Brief, at 10-21).

Having concluded that counsel's petition and brief comply with the technical **Anders** requirements, we must "conduct [our] own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." **Lilley**, 978 A.2d at 998 (citation omitted).

## B.

Germany challenges that the trial court abused its discretion when it dismissed his summary appeal and adjudicated him guilty of DUS for his failure to appear.[3]

_____

[3] Our standard of review of whether a trial court properly dismissed a summary appeal:

> … is limited to whether the trial court committed an error of law and whether the findings of the trial court are supported by competent evidence. The adjudication of the trial court will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support as to be clearly erroneous.

*(Footnote Continued Next Page)*

Pennsylvania Rules of Criminal Procedure govern trial *de novo* after an appeal of a summary conviction. The rule holds that "[i]f the defendant fails to appear, the trial judge may dismiss the appeal and enter judgment in the court of common pleas on the judgment of the issuing authority." Pa.R.Crim.P. 462(D).

The Comment to Rule 462(D) provides that "[p]aragraph (D) makes it clear that the trial judge may dismiss a summary case appeal when the judge determines that the defendant is absent without cause from the trial *de novo.*" Pa.R.Crim.P. 462, cmt. "Therefore, before a trial court may dismiss a summary appeal for failure to appear, the court must ascertain whether the absentee defendant had cause for his absence." ***Commonwealth v. Maslonek***, 262 A.3d 457, 2021 WL 3281230, at *1 (Pa. Super. filed Aug. 2, 2021).

The ***Dixon*** Court further observes that:

> The problem that arises in these types of cases is that, for a quite obvious reason, trial courts often dismiss the appeals without inquiring into whether the absentee defendant had good cause: the person who could offer cause for the absence is the absent defendant himself. In other words, there is no one present in the courtroom whom the trial judge can question regarding the reasons for the absence. Moreover, pursuant to Pa.R.Crim.P. 720(D), a defendant in a summary appeal case is not permitted to file post-sentence motions. The trial court cannot question an absent defendant regarding the cause of the absence, and the

---

***Commonwealth v. Dixon***, 66 A.3d 794, 796 (Pa. Super. 2013) (citations and quotation marks omitted).

defendant cannot file post-sentence motions to explain the absence. Consequently, this Court often must address the necessary cause inquiry arising from Pa.R.Crim.P. 462 in the first instance. …

*Id.* (citing **Dixon**, 66 A.3d at 796-97).

… [A] new trial is required when: (1) a trial court dismisses a summary appeal considering whether the absentee defendant had cause to justify the absence; and (2) the absentee defendant presents an affidavit on appeal that (assuming the assertions delineated in the affidavit are true) presents at least a *prima facie* demonstration that cause existed for the absence, rendering that absence involuntary.

*Id.*at *2 (citing **Dixon**, 66 A.3d at 797).

Judge O'Brien explains that at the November 28, 2018 hearing, he "noted on the record that court staff had informed [him] that neither [Germany] nor anyone on his behalf had contacted the court to explain his absence." (Trial Court Opinion, 9/29/22, at 2). Because "there [was] no one present in the courtroom whom the trial judge [could] question regarding the reasons for the absence," the court could not consider whether Germany "had cause to justify the absence" before dismissing the summary appeal and entering judgment based on the magistrate judge's finding of guilt. **Dixon**, 66 A.3d at 797.

However, nearly three years later, Germany filed a motion for reconsideration[4] in which he explained he entered a guilty plea in an unrelated

_____

[4] Although pursuant to Pa.R.Crim.P. 720(D) Germany was not permitted to file a post-sentence motion, the court accepted and considered the post-
*(Footnote Continued Next Page)*

- 8 -

case on November 6, 2018, and was transported from Allegheny County to a state facility on November 20, 2018, which precluded him from attending the November 28, 2018 hearing. The **Anders** brief maintains that the prison's failure to transport Germany to the hearing on November 28, 2018, was a breakdown in court procedure. (**See Anders** Brief, at 18).

This is not persuasive. Germany's notice of summary appeal conspicuously identifies the time, date and location of his *de novo* hearing. (**See** Notice of Summary Appeal, 10/10/18). He was represented by multiple counsel at the time he entered his plea on November 6, 2018, and there is no evidence or even allegation that he advised counsel of the pending summary appeal so that they could contact the trial court or file any appropriate documents on his behalf. In fact, he offers no explanation for why he could not contact the court himself.[5] Accordingly, his averments are insufficient to

_____

sentence filing. Additionally, while he did not file the sworn affidavit referenced in **Dixon**, it is clear from his filings what he alleges his reasons were for missing the hearing.

[5] The Commonwealth and Germany's **Anders** counsel observe that Germany is not due relief where the trial court erred in granting his petition to appeal *nunc pro tunc* on August 5, 2022, because he did not act in a timely manner. (**See Anders** Brief, at 13) (the trial court "granted his request to appeal … in error."); (Commonwealth's Brief, at 7) (Germany "did not act promptly to seek *nunc pro tunc* relief."). However, the August 5, 2022 order granting *nunc pro tunc* relief is not before us for review because the Commonwealth did not appeal it and, although the cases it cites support its position, they are procedurally inapposite because they involved Commonwealth appeals. However, we are compelled to note that based on the record before us, Germany's delay in seeking appellate relief on the trial court's November 28,
*(Footnote Continued Next Page)*

warrant relief and the court did not commit an error of law and its findings are supported by competent evidence. *See Dixon*, 66 A.3d at 796.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judge Sullivan joins the Memorandum.

Judge Stabile concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/12/2023

---

2018 judgment of sentence was unreasonable where he fails to provide any persuasive reason for why he waited years to do so. *See Commonwealth v. Savage*, 234 A.3d 723, 727 (Pa. Super. 2020) ("the touchstone for *nunc pro tunc* relief is whether Appellant was denied [his] right of appeal by circumstances not of [his] own doing so as to merit the grant of this extraordinary remedy.") (citation and internal quotation marks omitted).

As observed by the Commonwealth and *Anders* counsel, even if Germany's failure to advise the court that he could not appear at the November 28, 2018 hearing was not his own fault (which it was), he did not seek *nunc pro tunc* appellate relief until 11 months after he was paroled and nearly four years after the summary conviction's entry. Although he claims that this delay was due to the COVID-19 pandemic, this is wholly unpersuasive since the court was open before the pandemic and when he was paroled on November 20, 2020, and, therefore, was not "denied [his] right of appeal by circumstances not of [his] own doing." *Id.*