J-S26022-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERIC EMEKA CHOMICKI | : | |
| | : | |
| Appellant | : | No. 35 MDA 2025 |

Appeal from the Order Entered December 5, 2024
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-SA-0000401-2024


BEFORE: LAZARUS, P.J., OLSON, J., and BECK, J.

MEMORANDUM BY OLSON, J.: **FILED SEPTEMBER 08, 2025**

Appellant, Eric Emeka Chomicki, appeals *pro se* from the December 5, 2024 order denying his petition for *nunc pro tunc* appeal of his summary conviction. We affirm.

On June 21, 2024, Appellant received a traffic citation for driving while operating privilege suspended and operating a vehicle without a valid inspection.[1] A summary trial was scheduled for August 6, 2024 before Magisterial District Judge ("MDJ") Steven Chieffo. Appellant failed to appear and, as such, was found guilty of the aforementioned summary offenses *in absentia*.

On September 25, 2024, Appellant, through counsel, filed a petition for *nunc pro tunc* appeal of his summary convictions. In his petition, Appellant

---

[1] 75 Pa.C.S.A. §§ 1543(a) and 4703(a), respectively.

alleged that he was entitled to *nunc pro tunc* review because he "was not represented by counsel and[, therefore,] was unaware [that an] appeal was to be filed within [30] days" of his conviction. Appellant's Petition, 9/25/24, at *1 (unpaginated). Thereafter, the trial court entered an order scheduling a hearing on Appellant's petition for December 5, 2024 and directed the parties to submit memoranda on or before November 27, 2024.

On November 26, 2024, Appellant submitted a memorandum of law in support of his request for *nunc pro tunc* relief. In his memorandum, Appellant stated:

> On June 21[, 2024, Appellant] was pulled over by law enforcement in Berks County, Pennsylvania. Shortly thereafter, he received notices in the mail warning of a possible warrant for his arrest if the matter was not addressed promptly. Seeking to resolve the issue, [Appellant] traveled to the Berks County Magisterial Court on Jule 23[, 2024,] to address the warrant and secure a court date. … A court appearance was initially scheduled for August 6[, 2024]. On that date, [Appellant] arrived at the courthouse . . . where he spoke with the court clerk. The clerk advised him that his appearance [was] rescheduled [for] August 19[, 2024,] and instructed him to return on that date instead. Following the clerk's guidance, [Appellant] left the courthouse.
>
> On August 19, [2024, Appellant] appeared in court as directed. [MDJ Chieffo] expressed frustration that [Appellant] had not appeared on August 6[, 2024,] the originally scheduled date. When questioned, the clerk denied having instructed [Appellant] to return on August [19, 2024].

Appellant's Memorandum of Law, 11/26/25, at *1-*2 (unpaginated). Appellant then claimed that the foregoing "created a significant breakdown in

- 2 -

court operations" and, on this basis, asked the trial court to grant his petition for *nunc pro tunc* relief. ***Id.*** at *3.

The parties appeared for the scheduled hearing on December 5, 2024.[2] Appellant did not testify at the hearing, nor did Appellant produce any witnesses. ***See*** Trial Court Opinion, 3/17/25, at 2. The trial court denied Appellant's petition at the conclusion of the hearing. This timely appeal followed.[3]

_____

[2] A transcript of the December 5, 2024 hearing is not included in the certified record. "It is black letter law in this jurisdiction that an appellate court cannot consider anything which is not part of the record in [the] case." ***Eichman v. McKeon***, 824 A.2d 305, 316 (Pa. Super. 2003) (citation omitted). Indeed, it is equally settled that it "is the responsibility of the appellant to provide a complete record to the appellate court on appeal" and that any "document which is not part of the official certified record is considered to be non-existent." ***Id.*** (citation omitted). Due to Appellant's failure to include the December 5, 2024 transcript, we are bound by the trial court's explanation thereof.

[3] Our review of the certified record reveals that Appellant retained counsel to file his petition for *nunc pro tunc* appeal of his summary conviction and that he was represented by counsel during the December 5, 2024 hearing. It does not appear, however, that counsel ever formally entered his appearance in this matter. In this same vein, it does not appear that counsel ever formally withdrew his appearance in this matter. This is significant given the fact that Appellant proceeded in the instant appeal *pro se*. Indeed, Appellant filed his notice of appeal *pro se* on January 3, 2025. Thereafter, on January 7, 2025, the trial court issued an order pursuant to Pa.R.A.P. 1925(b) directing Appellant to file a concise statement of errors complained of on appeal within 21 days, *i.e.*, on or before January 28, 2025. Appellant, acting *pro se*, did not file his Rule 1925(b) statement until January 31, 2025. In general, the "failure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in automatic waiver of the issues raised." ***Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.,*** 88 A.3d 222, 224 (Pa. Super. 2014) (*en banc*) (citation omitted). There are no entries on the trial court's docket,
*(Footnote Continued Next Page)*

Appellant raises the following issues for our consideration.

1. Did the trial court abuse its discretion in denying *nunc pro tunc* relief despite extraordinary circumstances caused by counsel's delay?

2. Did the trial court violate Appellant's due process rights by failing to provide effective notice of the rescheduled hearing?

3. Did the trial court improperly penalize Appellant based on inaccurate information provided by the county clerk?

4. Was Appellant's license suspension unjust given full payment and resolution of the underlying citation?

5. Did the court's delay in mailing critical orders prejudice Appellant's right to timely appeal?

Appellant's Brief at *2-*3 (unpaginated) (emphasis added).

In Appellant's first three issues, he challenges the trial court's order denying his petition to appeal his summary convictions *nunc pro tunc*. Appellant claims that, in so doing, the trial court committed an error of law because his "delay in appealing was caused by . . . court miscommunications,

_____

however, which confirm the fact and manner of service of its order upon Appellant in his *pro se* status. **See** Pa.R.Crim.P. 114(C)(2)(c) (docket entries shall contain the date of service of a court order). In view of the circumstances, we will treat this appeal as timely filed. **See Commonwealth v. Midgley**, 289 A.3d 1111, 1117 (Pa. Super. 2023) ("Where the trial court docket in a criminal case does not indicate service on a party or the date of service, we will not quash the appeal or require further proceedings. Rather, we will treat the time in which to take an appeal as never having started to run and treat the appeal as timely."). As such, we need not address Appellant's final issue on appeal. **See** Appellant's Brief at *9-*10 (unpaginated) (claiming that there was a "[20]-day delay between the date of the [trial] court's [Rule] 1925(b) [o]rder" and when it was postmarked (January 24, 2025) and that this delay deprived Appellant "of the ability to comply with[] the prescribed timeline" in violation of his constitutional rights.).

not personal [misfeasance]." Appellant's Brief at *5 (unpaginated).[4] Because Appellant's claims are interrelated, we will address them together.

Our standard of review of the propriety of an order granting or denying a request to appeal *nunc pro tunc* is abuse of discretion. ***See Commonwealth v. Stock***, 679 A.2d 760, 762 (Pa. 1996). An abuse of discretion occurs "when the law is 'overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will as shown by the evidence or the record.'" ***Commonwealth v. Savage***, 234 A.3d 723, 726 (Pa. Super. 2020) (citation omitted).

In general, an appeal from a summary proceeding must be filed within 30 days of the conviction. Pa.R.Crim.P. 460(a). In the instant case, Appellant's summary conviction was entered on August 6, 2024. Hence, he had until September 5, 2024 to appeal his conviction. He failed to do so.

Appellant, however, avers that a breakdown in the system occurred, thereby excusing this failure. More specifically, Appellant claimed that, on

_____

[4] On appeal, Appellant also claims that the delay was caused by "attorney inaction." Appellant's Brief at *5 (unpaginated). There is no evidence in the certified record, however, that Appellant raised this issue before the trial court, and the trial court did not address this claim in its 1925(a) opinion. In addition, a review of the certified record reveals that Appellant was not represented by counsel during the proceedings before the MDJ, nor for the ensuing 30-day summary appeal period. ***See*** Appellant's Petition, 9/25/24, at *1 (unpaginated) (claiming that Appellant "**was not represented by counsel** and[, therefore,] was unaware [that an] appeal was to be filed within [30] days" of his conviction) (emphasis added). It therefore appears that Appellant failed to preserve this issue for our review. ***See*** Pa.R.A.P. 302(a) (stating, as a general rule, "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal").

August 6, 2024, he was misinformed by an unnamed clerk in the MDJ office regarding the postponement of his summary trial and, as such, left the courthouse and did not return until August 19, 2024. At that time, Appellant claimed he entered a guilty plea because of undue pressure from MDJ Chieffo. *See* Appellant's Memorandum of Law, 11/26/25, at *2 (unpaginated). Based upon all of the foregoing, Appellant argues that the trial court erred in failing to grant him *nunc pro tunc* relief.

"[A]n appeal *nunc pro tunc* is intended as a remedy to vindicate the right to an appeal where that right has been lost due to certain extraordinary circumstances." ***Commonwealth v. Williams***, 893 A.2d 147, 150 (Pa. Super. 2006) (citation and quotation marks omitted). Importantly, this Court previously explained:

> A party seeking leave to appeal from a summary conviction *nunc pro tunc* has the burden of demonstrating two things: (1) that the delay in the filing of the appeal was caused by "extraordinary circumstances" involving fraud or a wrongful or negligent act of a court official resulting in injury to that party; and (2) that upon learning of the existence of the grounds relied upon for *nunc pro tunc* relief, the party acted promptly to seek such relief. Overall, the touchstone for our inquiry is whether [the appellant] was denied [his] right of appeal by circumstances not of [his] own doing so as to merit the grant of this "extraordinary remedy."

***Savage***, 234 A.3d at 727 (internal citations omitted).

The trial court herein determined that Appellant did not carry his burden of demonstrating that the delay in filing an appeal was caused by extraordinary circumstances. Trial Court Opinion, 3/17/25, at 4-5. More

specifically, the trial court determined that Appellant's claim that "there were irregularities in scheduling his [trial] before [MDJ] Chieffo" were not substantiated during the December 5, 2024 hearing. *Id.* at 4. Indeed, Appellant "failed to produce a witness with the ability to testify about the [MDJ] court clerk or [MDJ] Chieffo himself who allegedly told Appellant to return for a hearing on a later date." *Id.* Neither did Appellant testify himself. *Id.* Because Appellant failed to present "independent evidence on the matter," the trial court could not substantiate his assertions. *Id.* at 4-5. Based upon all of the foregoing, the trial court determined it could not find that "extraordinary circumstances [] prevented Appellant from appealing his summary conviction[s]." *Id.* at 5.

Upon review, we conclude that Appellant's claim fails – and does so for two reasons. First, while Appellant claims that a significant breakdown occurred on August 6, 2024 *via* an unnamed clerk at the MDJ office, there is no indication in the certified record that this circumstance ever occurred. There is no evidence that Appellant was present at the MDJ's office on August 6, 2024 and Appellant has never identified the clerk who supposedly misinformed him about the date of his summary trial. Moreover, there is no evidence that Appellant re-appeared at the MDJ's office on August 19, 2024 and entered a guilty plea at that time, as he claims. Instead, the docket explicitly states that Appellant was found guilty *in absentia* on August 6, 2024. Hence, the record before us does not demonstrate the extraordinary circumstances Appellant claims entitle him to a *nunc pro tunc* appeal.

Second, even if the circumstances were as Appellant claims, *i.e.*, he was misinformed regarding the August 6, 2024 trial date and, therefore, did not re-appear at the MDJ's office until August 19, 2024, it has no bearing on the timeliness of Appellant's appeal. To the contrary, the breakdown alleged by Appellant is relevant to the date of his trial. It is not, in any way, relevant to the 30-day period *following* his conviction within which he was required to file an appeal. **Compare Stock**, 679 A.2d at 764 (finding that extraordinary circumstances existed where the appellant demonstrated that he was misinformed by his attorney regarding the date of his trial, found guilty *in absentia*, and his counsel failed to file an appeal even though the appellant specifically requested him to do so during the requisite 30 days). Hence, Appellant's claim fails.

Based upon the foregoing, we discern no abuse of discretion on the part of the trial court and affirm its order denying Appellant's request for a *nunc pro tunc* appeal.[5]

Order affirmed.

---

[5] We are unable to review Appellant's fourth issue raised on appeal because Appellant's summary convictions became final on September 5, 2024 and, as we have concluded, Appellant failed to demonstrate the existence of extraordinary circumstances to entitle him to appeal his summary conviction *nunc pro tunc*. We also disposed of Appellant's final issue above. **See** n.3., **supra**.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 09/08/2025