J-A15020-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANIEL CHRISTOPHER TITUS | : | |
| | : | |
| Appellant | : | No. 1243 MDA 2024 |

Appeal from the Order Entered August 8, 2024
In the Court of Common Pleas of Fulton County
Criminal Division at No:  CP-29-SA-0000004-2024

BEFORE:   BOWES, J., STABILE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:               **FILED: OCTOBER 31, 2025**

Appellant, Daniel Christopher Titus, appeals *pro se* from the order entered on August 8, 2024, denying Appellant's petition to file a summary appeal *nunc pro tunc*.  Upon review, we affirm.

> This matter arose on January 13, 2024[, when Appellant] was charged with one count of Driving While License Suspended/Revoked, DUI Related.  On January 22, 2024, Appellant appeared [*pro se*] before [the Magisterial District Judge] and pled guilty to the offense.  Apparently not realizing that his conviction would result of an additional license suspension and having missed the thirty day period for filing a Notice of Appeal pursuant to Pa.R.A.P. 903(a), Appellant filed a *Petition to File a Summary Appeal Nunc Pro Tunc* on June 12, 2024.  By Order of June 26, 2024[, the trial court] set a hearing date of August 6, 2024 in order to hear Appellant's *nunc pro tunc* Petition.  At the hearing Appellant explained that he had called the Pennsylvania Department of Transportation (hereinafter "PennDOT") to learn how to appeal the summary conviction, and having relied on what an unnamed individual at PennDOT told him, missed the time for

---

[*] Former Justice specially assigned to the Superior Court.

filing an appeal. Appellant also explained that he had discussed the matter with his probation officer from Fulton County Probation Department and the Fulton County Public Defender. However, none of those individuals appeared to testify at the hearing. At the conclusion of the hearing[, the trial court] denied relief requested and dismissed Appellant's *Petition*. It is from this Order that Appellant appeals.

On August 28, 2024, Appellant filed the instant *Notice of Appeal* to the Superior Court of Pennsylvania. On September 5, 2024, [the trial court] issued an Order, pursuant to Pa.R.A.P. 1925, directing Appellant to submit his Concise Statement of Matters Complained Of On Appeal by September 26, 2024. As of the authoring of this Opinion, Appellant has failed to submit a Concise Statement.

Trial Court Opinion, 10/08/24, at 1-2 (footnote and internal citation omitted) (emphasis in original).

On August 8, 2024, the trial court denied Appellant's petition. This appeal followed.

In denying relief, the trial court noted that it ordered Appellant to file a concise statement of matters complained of on appeal. As Appellant failed to do so, the trial court found that Appellant waived all issues for appellate review. Trial Court Opinion, October 8, 2024, at 2-3 (citing **Commonwealth v. Auchmuty**, 799 A.2d 823, 825 (Pa. Super. 2002)). We disagree.

A review of the order in question reveals that the order fails to conform with the notice requirements of Rule 1925(b)(3)(iii), which states, in relevant part, that an order "shall specify . . . both the place the appellant can serve the Statement in person and the address to which the appellant can mail the Statement." Pa.R.A.P. 1925(b)(3)(iii). The trial court's Rule 1925 order

contains neither of these required statements. That was error by the trial court. ***Commonwealth v. Massey***, 2022 WL 4231023, at \*2 (Pa. Super. unpublished memorandum September 14, 2022).[1] Accordingly, the trial court's order directing the filing of the statement was unenforceable because it did not strictly comply with Rule 1925(b). ***See Commonwealth v. Stroud***, 298 A.3d 1152, 1156 (Pa. Super. 2023). Because the court's order was deficient, we cannot conclude that Appellant waived his claim before us. ***Massey***, supra, at \*3 ("Our appellate courts have recognized that an appellant's noncompliance with Rule 1925(b) only results in waiver when the trial court has complied with notice requirements of Rule 1925(b)."). Because the trial court's order did not conform with Rule 1925(b)(3)(iii)'s notice requirements, we conclude that Appellant's failure to file a timely Statement may not serve as grounds upon which to find waiver.

On appeal, Appellant is challenging the trial court's denial of his petition to file a summary appeal *nunc pro tunc*.

"An abuse of discretion standard governs our review of the propriety of a grant or denial of an appeal nunc pro tunc." ***Commonwealth v. Stock***, 679 A.2d 760, 762 (Pa. 1996) (citation omitted). An abuse of discretion occurs "when the law is 'overridden or misapplied, or the judgment exercised

---

[1] ***See generally*** Pa.R.A.P. 126(b) (noting that unpublished memorandum decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).

is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will as shown by the evidence or the record.'" ***Commonwealth v. Savage***, 234 A.3d 723, 726 (Pa. Super. 2020) (citation omitted).

"[A]n appeal nunc pro tunc is intended as a remedy to vindicate the right to an appeal where that right has been lost due to certain extraordinary circumstances." ***Stock***, 679 A.2d at 764. We explained the above standard as follows:

> A party seeking leave to appeal from a summary conviction *nunc pro tunc* has the burden of demonstrating two things: (1) that the delay in the filing of the appeal was caused by "extraordinary circumstances" involving fraud or a wrongful or negligent act of a court official resulting in injury to that party; and (2) that upon learning of the existence of the grounds relied upon for *nunc pro tunc* relief, the party acted promptly to seek such relief. Overall, the touchstone for our inquiry is whether [the appellant] was denied [his] right of appeal by circumstances not of [his] own doing so as to merit the grant of this "extraordinary remedy."

***Savage***, 234 A.3d at 727 (internal citations omitted).

As noted, at the hearing held on August 6, 2024, on Appellant's request to file his Summary Appeal *nunc pro tunc*, Appellant failed to introduce any evidence to meet ***Stock***/***Savage***. ***See*** Trial Court Opinion, 10/08/24, at 2.

On appeal, Appellant offers only one short paragraph to the timeliness of the appeal, blaming again some unidentified individuals for failing to timely appeal. The remaining three pages of the "Briefing Statement"[2] are entirely devoted to rehashing the facts, seeking to undo the summary conviction.

---

[2] Appellant's Briefing Statement fails to comply with all briefing requirements set in the rules of appellate procedure.

Nowhere does Appellant describe the "extraordinary circumstances" that prevented him from filing a timely appeal, when he found out about them, and what he did once he learned about them.

The record before us, therefore, does not demonstrate the extraordinary circumstances that would entitle Appellant to a *nunc pro tunc* appeal. Accordingly, we discern no abuse of discretion on the part of the trial court and affirm its order denying Appellant's request for a *nunc pro tunc* appeal.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>10/31/2025</u>